Margaret WITHERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–97–803–CR.

Court of Appeals of Texas,
Corpus Christi.

May 6, 1999.

Rehearing Overruled July 8, 1999.

Roy S. Dale, Dale & Klein, Kathryn M. Flagg, McAllen, for appellant.

Rene Guerra, Dist. & County Atty., Edinburg, for appellee.

Before Justices DORSEY, CHAVEZ, and RODRIGUEZ.

## OPINION

Opinion by Justice DORSEY.

Appellant Margaret Withers was convicted by a jury of a single count of injury to a child,[1] a felony of the third degree. The trial court imposed sentence of thirty days jail time and a fine of $250, with sentence suspended in lieu of six months community supervision. Withers raises nine issues on appeal, challenging the trial court's failure to include jury instructions on self-defense, defense of others, and pro-

tection of life or health, failure to grant her motion for new trial for legal and factual insufficiency, jury misconduct, newly discovered evidence, improper admission of evidence, and improper exclusion of evidence. We reverse and remand for a new trial.

Withers was employed as a diagnostician for the Donna Independent School District in 1994, a job in which she evaluated the condition and development of "special education" children suffering from various physical and mental infirmities. Her duties carried her from school to school in the Donna I.S.D.; A.P. Solis Middle School, in Donna, Texas, was one of a number of schools in which she worked. Having no classes of her own, she moved freely in and out of special education classrooms throughout the district monitoring, observing, and evaluating the impaired students.

Hector Vasquez was twelve years old in 1994 and a sixth grade special education student at Solis. Withers was assigned to be Hector's diagnostician and had opportunity to interview and observe Hector on a number of occasions. She learned Hector suffered from cerebral palsy which severely affected his muscular coordination and required him to wear leg braces. He was also mentally retarded with a measured I.Q. of 36. Though physically handicapped, Hector enjoyed significant upper body strength, particularly when emotionally excited. He had difficulty walking for more than short distances unaided, but was capable of gripping objects firmly.

Withers was visiting Solis on March 29, 1994, when she heard a disturbance coming from the special education classroom. Concerned by the noise, she entered the classroom where she found Angelica Morales, the new special education teacher, and Nora Rodriguez, a substitute teaching assistant, and a number of students in a chaotic classroom environment. Hector was engaged in a squabble with fellow

---

1. Tex. Pen.Code Ann. § 22.04(a) (Vernon 1994).

student Juan Chavez over a tape player and headphones that Hector was using. Morales had a reputation for poor classroom control and the class's two other teaching assistants were not present. Withers saw Hector strike Juan a hard blow with his fist as Juan tried to unplug the headphones Hector was wearing from the tape player. She attempted to intercede but, because the music Hector was listening to was so loud, she could not get his attention. As she leaned over to turn off the machine, Hector grabbed her blouse and refused to release her. Withers tried to pull free but was unable. She also tried to lift Hector away from his chair and maneuver him to a nearby couch.

Though the facts are disputed, the struggle that followed resulted in Hector, at least briefly, face-down on the floor while Withers exerted pressure on his back to keep him there while she regained her breath and composure.

The State contends Withers used excessive force on Hector's neck, shoulders, and back to keep him on the floor and, even though she had freed herself from Hector's grip, picked Hector up by his ears and moved him to the couch, grabbing him by his neck and choking him. The confrontation only ended, according to the State, when two teacher's assistants interceded. Hector later related to several others, including the school nurse and his mother, that Withers had injured him during the struggle by pulling his ears, strangling him, and hurting his back and shoulders.

Withers denies the State's recitation of events and denies she ever choked Hector, pulled his ears, or exerted sufficient force to injure him. By her account, when Hector grabbed her blouse and scarf, he did so in such a manner as to choke her. Owing to her great weight, bad back, and hypertension, she feared for her own safety when she began to feel pain shooting down her arm, became light-headed, and heard ringing in her ears. She attempted to release herself by grabbing Hector's

wrists, but he tried to bite her and she was unsuccessful. She managed to move behind Hector's chair so that she could breathe and then attempted to help him to his feet so that she could get him to the couch to calm him. Hector rose initially, but collapsed in a dangerous position with his legs stretched out behind him, still clutching her scarf. She fell next to him on the floor, again choking, feeling pain, and hearing ringing. Fearful for the dangerous position he was in, she employed a technique she had been taught in her special education training which resulted in Hector rolling face down and releasing her scarf. While she rested and caught her breath, she exerted a minimal force on his back to keep him still. Afraid he would injure his head on the floor, she and Morales lifted Hector to a couch where Morales took over and tried to soothe and calm him. Withers left the room to ease Hector's agitation. She asserted her primary concern was avoiding injury to herself, Hector, and the other children.

By her first and third issues, Withers challenges the trial court's failure to instruct the jury on the law of self-defense and defense of a third person, and its failure to grant a new trial on these issues.

### Standard of Review

■ When we review a jury charge for error, our first inquiry is whether the alleged error was preserved. If so, any harm, regardless of the degree, is sufficient to require reversal of the conviction. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (opinion on state's motion for rehearing). Withers properly preserved error.

■ A defendant has the burden of producing sufficient evidence at trial to raise the issue of self-defense. TEX. PEN. CODE ANN. §§ 2.01, 9.02, 9.31 (Vernon 1994). If the evidence raises the issue, the defendant is entitled to have this issue submitted to the jury. *Riddle v. State*, 888 S.W.2d 1, 6 (Tex.Crim.App.1994); *Hayes v. State*, 728 S.W.2d 804, 807 (Tex.Crim.App.

1987); *Smith v. State*, 676 S.W.2d 584, 586–87 (Tex.Crim.App.1984). An accused has the right to an instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court may or may not think about the credibility of the defense. *Hamel v. State*, 916 S.W.2d 491, 493 (Tex. Crim.App.1996); *Miller v. State*, 815 S.W.2d 582, 585 (Tex.Crim.App.1991). An instruction is not required, however, if the evidence, viewed in the light most favorable to the defendant, does not establish a case of self-defense. *Dyson v. State*, 672 S.W.2d 460, 463 (Tex.Crim.App.1984). Also, self-defense is a justification defense. In order to be entitled to a charge on self-defense, the defendant is essentially required to admit committing the conduct giving rise to the indictment. *Reich–Bacot v. State*, 976 S.W.2d 678, 679 (Tex.Crim. App.1998).

The State argues Withers never admitted she committed the specific acts alleged in the indictment: pulling Hector's ears, grabbing him by the neck, or holding him to the floor by pushing against his shoulders. Citing *Holloman v. State*, 948 S.W.2d 349 (Tex.App.—Amarillo 1997, no pet.). Withers responds that, while she does not admit to using force exactly as specified in the indictment, she essentially admits the conduct required to raise the self-defense issue.

In *Holloman,* the defendant was convicted for assaulting his wife by hitting her. Holloman engaged in an argument with his wife regarding his beer consumption. During the debate, Holloman's wife approached him with a butcher knife but, evidently thinking better of it, dropped the knife, grabbed the back of his shirt and began " 'flailing' him with her hands." A "tussle" ensued lasting approximately ten minutes, and ending when the two became distracted by their crying child. The court of appeals reversed Holloman's conviction, finding the trial court erred in denying him an instruction on self-defense.

Justice Quinn, writing for the court, concluded Holloman had sufficiently admitted the conduct alleged to justify the defensive instruction. The court noted that in ·*Willis v. State*, 790 S.W.2d 307, 314 (Tex.Crim. App.1990), the court of criminal appeals rejected a proposition set out in *Sanders v. State*, 707 S.W.2d 78, 81 (Tex.Crim.App. 1986), that a defendant must always admit to committing the offense before asserting a defense. The *Willis* Court "observe[d] that Sanders' premise—all defenses require the defendant to admit commission of the offense—is not correct." *Holloman*, 948 S.W.2d at 352 (quoting *Willis*, 790 S.W.2d at 314). Justice Quinn also pointed to *Golden v. State*, 851 S.W.2d 291 (Tex. Crim.App.1993), in which the Court acknowledged *Willis* "determined that in some circumstances a defendant would be entitled to defensive instructions although he had not admitted the crime." *Holloman*, 948 S.W.2d at 352 (quoting *Golden*, 851 S.W.2d at 295).

The *Holloman* court goes on to state: "It would be nonsensical to prohibit the defendant from claiming self-defense" if he admitted ramming his opponent with his shoulder rather than striking him with his fist as alleged in the indictment. *Id.* The court concluded that Holloman's admission of the use of force tracks the language of penal code section 9.31(a), stating that a person is justified in using "force" under certain circumstances. *See* TEX. PEN.CODE ANN. § 9.31(a).

> In other words, if evidence is presented which discloses that the defendant used force in repelling the attack of another, as appellant presented here, there is no legitimate reason why he should be denied the defense simply because he refused to admit to using the type of force alleged by the State.

*Holloman*, 948 S.W.2d at 352.

■ Withers admitted to having engaged in a physical contest with Hector, a young man who, though physically impaired, possessed significant physical

strength; a young man who was also prone to physical outbursts when upset. Their physical encounter resulted in both of them on the floor in the classroom. She specifically denied the indicted conduct of having grabbed his neck or pulled his ears. She also denied having pushed him to the floor or applying excessive force to his shoulder, although she did admit applying force to his back in order to keep him under control on the floor. She expressed concern not only for herself but for Hector and the other children in the classroom, particularly Juan Chavez, the child Hector fought with over the headphones.

■ Withers was entitled to a jury instruction on self-defense. The evidence recounted above also entitled her to an instruction on defense of a third person and necessity. Because appellant properly objected to the charge, reversal is required if the error was calculated to injure the rights of the defendant. *Hamel,* 916 S.W.2d at 494; *Almanza,* 686 S.W.2d at 171. Considering the nature of the charges against her and the evidence adduced at trial, we cannot but conclude the trial court's error was calculated to injure her rights. We sustain her first and third issues.

■ By her fourth issue Withers challenges the legal sufficiency of the evidence to support her conviction. Because a legal sufficiency challenge, if sustained, results in an acquittal rather than a retrial, we will consider this additional issue. *See Clewis v. State,* 922 S.W.2d 126, 132 (Tex. Crim.App.1996).

In reviewing a legal sufficiency challenge, we view the evidence, and all reasonable inferences raised by that evidence, in the light most favorable to the verdict, and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Patrick v. State,* 906 S.W.2d 481, 486 (Tex. Crim.App.1995); *Geesa v. State,* 820

S.W.2d 154, 161 (Tex.Crim.App.1991); *Sandoval v. State,* 946 S.W.2d 472, 476 (Tex.App.—Corpus Christi 1997, pet. ref'd). The standard is the same for both direct and circumstantial evidence cases. *Sutherlin v. State,* 682 S.W.2d 546, 548–49 (Tex.Crim.App.1984); *Sandoval,* 946 S.W.2d at 476. The only evidence a reviewing court considers is the evidence that supports the verdict. *Clewis,* 922 S.W.2d at 132, n. 10. The fact finder is the sole judge of the credibility of witnesses and the weight accorded their testimony. *Torres v. State,* 976 S.W.2d 345, 347 (Tex. App.—Corpus Christi 1998, no pet.). Any inconsistencies in the evidence are resolved in favor of the verdict. *Id.*

■ In the present case, the elements of the crime alleged in Withers' indictment were that she: (1) intentionally or knowingly (2) caused bodily injury (3) to a person under fourteen years of age. *See* TEX. PEN.CODE ANN. § 22.04(a)(3) (Vernon 1994). Injury to a child is a result oriented crime. *Beggs v. State,* 597 S.W.2d 375, 377 (Tex.Crim.App.1980). The State was required to put on some evidence that Withers either acted with the intent to cause bodily injury to Hector or knew that her actions were reasonably certain to cause him injury. *Id.* Proof of a culpable mental state generally exists in circumstantial evidence. *Gardner v. State,* 736 S.W.2d 179, 182 (Tex.App.—Dallas 1987), *aff'd,* 780 S.W.2d 259 (Tex.Crim.App.1989). Thus, proof of knowledge is an inference drawn by the trier of fact from all the circumstances. *Dillon v. State,* 574 S.W.2d 92, 94 (Tex.Crim.App.1978); *Cantu v. State,* 944 S.W.2d 669, 670 (Tex.App.—Corpus Christi 1997, pet. ref'd). A jury can infer knowledge or intent from the acts, conduct, and remarks of the accused and from the surrounding circumstances. *Menchaca v. State,* 901 S.W.2d 640, 652 (Tex.App.—El Paso 1995, pet. ref'd); *Ortiz v. State,* 930 S.W.2d 849, 852 (Tex.App.—Tyler 1996, no pet.).

Hector recounted the pain caused him by Withers lifting him by his ears. His

recollection was corroborated by two class-mates who witnessed the event: Nancy Vasquez and Diana Cerda. Vasquez and Cerda related the incident to teaching assistant Elizabeth Saenz immediately after it occurred; Saenz testified regarding the girls' statements. The school nurse, Hector's mother, and substitute teaching assistant Nora Rodriguez each recounted noticing the redness of Hector's ears following the event. Hector complained of the pain to the nurse and his mother.

We hold the evidence was legally sufficient to support the verdict and the judgment. Issue four is overruled.

Because our resolution of these issues is dispositive of the appeal, we need not address Withers' remaining issues. TEX. R.APP. P. 47.1. We REVERSE the judgment and REMAND for a new trial.