**Larry A. TORRANCE, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–00–405–CR.**

Court of Appeals of Texas,
Fort Worth.

Aug. 29, 2001.

---

Robert Ford, Fort Worth, for Appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Chief of Appellate Section, Donald J. Piller, David Hagerman, Asst. Dist. Attys., Fort Worth, for Appellee.

Before LIVINGSTON, DAUPHINOT, and WALKER, JJ.

## OPINION

DAUPHINOT, Justice.

Appellant Larry A. Torrance appeals from the trial court's order denying his motion for new trial. In a single point on appeal, Appellant contends that the trial court abused its discretion in denying his motion for new trial because Appellant did not have the opportunity to lodge objec-

tions to the presentence investigation report (PSI) at his sentencing hearing. We affirm.

On May 9, 2000, Appellant pled guilty to the offense of possession of methamphetamine with intent to deliver. The trial court deferred any finding of guilt until a PSI was filed. On July 14, 2000, a second hearing was held at the close of which the trial court found Appellant guilty and assessed his punishment at twelve years' confinement. Appellant filed a motion for new trial, alleging that his plea of guilty was involuntary because he "was never allowed to properly object to the presentence report and fully participate in the punishment phase of his trial." After a hearing, the trial court denied Appellant's motion.

At the hearing on his motion for new trial, Appellant testified that he did not see a copy of the PSI prior to sentencing and that his trial attorney did not discuss the report with him before the sentencing hearing. Appellant stated that, if given the opportunity, he would have objected to the PSI on the grounds that it inaccurately describes his violent behavior and a past burglary episode, and that it incorrectly states that Appellant twice threatened people at gunpoint, when he did so only once.

Appellant's trial counsel testified at the hearing on the motion for new trial that he reviewed the PSI prior to sentencing and that he "paraphrased" the report for Appellant. Counsel explained, "I asked him things about what I considered to be the major points in the pre-sentence investigation, told him basically what it said. I paraphrased what it said." According to counsel, Appellant did not express any objections to him regarding the matters contained in the report.

The decision to grant or deny a motion for new trial is left to the sound

discretion of the trial court, and in the absence of an abuse of discretion an appellate court should not reverse.[1] An abuse of discretion will be found "only when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree."[2]

Article 42.12, section 9 of the code of criminal procedure provides in part:

> (d) Before sentencing a defendant, the judge shall permit the defendant or his counsel to read the presentence report.
>
> (e) The judge shall allow the defendant or his attorney to comment on a presentence investigation or a postsentence report and, with the approval of the judge, introduce testimony or other information alleging a factual inaccuracy in the investigation or report.[3]

Here, Appellant does not challenge the PSI as inadmissible hearsay or an ex parte communication with the trial judge denying him the right of confrontation. Nor does Appellant complain of the propriety of a probation officer's recommending a proper sentence without any showing of expertise or special competence. Additionally, Appellant does not contend that he was denied the opportunity to testify on his own behalf at the sentencing hearing. Indeed, the record reflects that Appellant did testify at his punishment hearing and was given great leeway in addressing the trial court.

We find no case law supporting Appellant's claim that he was personally entitled to read the PSI in order to instruct his attorney to make specific objections. We note that our sister court has decided this issue contrary to Appellant's position. In *Garcia v. State*, the appellant argued that the trial court erred in not affording him the opportunity to read and address the contents of the PSI prior to sentencing.[4] The Corpus Christi court disagreed, holding that the requirement of article 42.12 that a trial court shall permit a defendant *or* his counsel to read the presentence report was satisfied where the appellant's defense counsel announced on the record that he had reviewed the PSI prior to the sentencing hearing.[5] In the case now before us, Appellant's trial counsel told the trial court at the sentencing hearing that he had reviewed the PSI. We hold, therefore, that the trial court satisfied the requirements of article 42.12, section 9 and did not abuse its discretion in denying Appellant's motion for new trial on the grounds raised. Accordingly, we overrule Appellant's sole point on appeal and affirm the trial court's order.

1. *Lewis v. State*, 911 S.W.2d 1, 7 (Tex.Crim. App.1995); *State v. Gonzalez*, 855 S.W.2d 692, 696 (Tex.Crim.App.1993); *Thomas v. State*, 31 S.W.3d 422, 428 (Tex.App.—Fort Worth 2000, pet. ref'd).

2. *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim.App.1992), *cert. denied*, 509 U.S. 926, 113 S.Ct. 3046, 125 L.Ed.2d 731 (1993); *Armstead v. State*, 977 S.W.2d 791, 795 (Tex. App.—Fort Worth 1998, pet. ref'd).

3. Tex.Code Crim. Proc. Ann. art. 42.12, § 9(d), (e) (Vernon Supp.2001).

4. 773 S.W.2d 694, 696 (Tex.App.—Corpus Christi 1989, no pet.).

5. *Id.*