NUMBER 13-00-742-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 

 



ARNOLD MORIN, Appellant,



v.





THE STATE OF TEXAS, Appellee.

 


On appeal from the 148th District Court of Nueces County, Texas

 



O P I N I O N

Before Chief Justice Valdez and Justices Rodriguez and Baird (1)

Opinion by Justice Baird



 Appellant was charged with the offense of aggravated assault. Following a joint trial with the co-defendant, a jury
convicted appellant of the charged offense, and assessed punishment at fifteen years confinement in the Texas Department
of Criminal Justice-Institutional Division, and a $10,000 fine. Appellant raises two points of error. We affirm.

I. Ineffective Assistance of Counsel.

 The first point of error contends the joint representation by trial counsel of appellant and the co-defendant resulted in
appellant receiving ineffective assistance of counsel. Specifically, appellant argues trial counsel was ineffective in two
respects: (1) successfully excluding evidence that the co-defendant was a gang member; and, (2) making a closing
argument at the punishment phase of trial that did not distinguish between appellant and the co-defendant.

A. Factual Summary.

 Appellant and the co-defendant were charged with commission of the same offense, namely the aggravated assault of Peter
Hernandez. Both were represented by the same counsel in the trial court. The State offered evidence that Hernandez was
shot by either appellant, or the co-defendant. Defense counsel offered the defensive theory that Hernandez was shot by the
co-defendant in self defense, and that appellant was merely present. The jury rejected these arguments and convicted both.
At the punishment phase, defense counsel referred to appellant and the co-defendant in the plural sense, using words like
"they," and "them," and did not otherwise refer to them on an individual basis. The jury rejected defense counsel's request
for community supervision, and sentenced both appellant and the co-defendant to confinement for a period of fifteen years
and a fine of $10,000.

B. Standard of Review 

Generally, our standard of review for ineffective assistance of counsel claims is the two-prong test of Strickland v.
Washington, 466 U.S. 668 (1984). This test requires an appellant to demonstrate first that counsel's representation fell
below an objective standard for reasonableness, and secondly, that but for counsel's deficient representation, the result of
the proceeding would have been different. Id. at 687. An exception to this general rule applies when we review claims
stemming from joint representation by trial counsel. Under this exception, the second prong of Strickland does not apply.
Id. at 692. If counsel's performance was adversely affected by his active representation of conflicting interests, prejudice is
presumed. Cuyler v. Sullivan, 446 U.S. 335, 345-50 (1980). This is so because a single lawyer cannot simultaneously
represent the conflicting interests of two clients. Glasser v. United States, 315 U.S. 60, 70 (1942). However, not all
co-defendants have conflicting interests, and there may be a tactical advantage from presenting a common
defense.Raspberry v. State, 741 S.W.2d 191, 197 (Tex. App.-Fort Worth 1987, pet. ref'd). Consequently, permitting a
single attorney to represent co-defendants does not always violate the constitutional guarantees to effective assistance of
counsel, and the mere possibility of a conflict of interest is insufficient to impugn a criminal conviction. Cuyler, 446 U.S. at
350.

 A defendant who does not complain of a conflict of interest at trial can demonstrate a violation of the right to reasonably
effective assistance of counsel if he can show that defense counsel was burdened by an actual conflict of interest that had an
adverse effect on specific instances of the attorney's performance. Howard v. State, 966 S.W.2d 821, 826 (Tex.
App.-Austin 1998, pet. ref'd). An actual conflict of interest arises when one defendant stands to gain significantly by
counsel adducing evidence or arguments that are damaging to the cause of a co-defendant whom counsel is also
representing. Ex parte Alaniz, 583 S.W.2d 380, 381 n.3 (Tex. Crim. App. 1979). Where there is evidence of counsel's
"struggle to serve two masters" that cannot be seriously doubted, a finding of ineffective assistance based on counsel's
conflict of interest necessarily follows. Ex parte Acosta, 672 S.W.2d 470, 474 (Tex. Crim. App. 1984); Ex parte
McCormick, 645 S.W.2d 801, 806 (Tex. Crim. App. 1983).

 Actual conflicts of interest have been found on several occasions. For example, in Amaya v. State, 677 S.W.2d 159 (Tex.
App.-Houston [1st Dist.] 1984, pet. ref'd), a conflict between the various alibi witnesses could have been exploited to one
co-defendant's benefit, but this would have harmed the defenses of the other co-defendants. Id. at 161-62. Thus, the record
showed that one co-defendant stood to gain significantly at the guilt stage by counsel adducing evidence or arguments that
would have damaged the cause of his co-defendants whom counsel was also representing. Id. In Maya v. State, 932
S.W.2d 633 (Tex. App.-Houston [14th Dist.] 1996, no pet.), an actual conflict of interest was found when an attorney
represented a husband and wife in a joint prosecution for attempted murder. Id. at 636. There, the husband's theory of
self-defense was undermined by the wife's written confession and her testimony before the jury. Id. at 635-36. The joint
representation prevented counsel from cross-examining or impeaching the wife to further advance the defense of the
husband. Id. Similarly, counsel could not seek to minimize the wife's involvement in the incident without shifting the
attention and guilt to the husband. Id. These dilemmas represent actual conflicts of interest. Id.

C. Analysis.

 Because the conflict of interest issue was not raised in the trial court, the question presented is whether defense counsel
was burdened by an actual conflict of interest in his representation of appellant and the co-defendant. (2) Howard, 966
S.W.2d at 826. In other words, did either appellant or the co-defendant stand to gain significantly and the other stand to be
damaged by trial counsel successfully excluding evidence that the co-defendant was a gang member, or offering a closing
argument at the punishment phase of trial that did not distinguish between appellant and the co-defendant. Alaniz, 583
S.W.2d at 381.

 Regarding the first issue, appellant argues evidence of the gang relationship between the co-defendant and Hernandez
would have benefitted appellant's position that he was just a passenger in the vehicle, did not know the shooting was going
to happen, did not plan for it, and did not encourage or aid the co-defendant in any way. The State counters that defense
counsel's success in excluding evidence that the co-defendant was a gang member actually served to benefit appellant who
could have been harmed had the jury known he was associating with a gang member, and undermined the common
defensive theory that appellant and the co-defendant "were just a couple of law-abiding young men in the wrong place, at
the wrong time." We agree. While the exclusion of the gang membership evidence obviously served to benefit the
co-defendant, there was no corresponding showing that the exclusion of this evidence damaged appellant. See id.
Consequently, we hold trial counsel was not burdened by an actual conflict of interest when he successfully excluded the
evidence of the co-defendant's gang membership.

 Regarding the second issue, appellant argues that by not distinguishing appellant from the co-defendant, counsel defeated
any chance of appellant receiving a lesser punishment than the co-defendant even though appellant was less culpable. The
State counters that at the punishment phase of trial there was no substantial difference between appellant and the
co-defendant because the jury either believed appellant was guilty as the principal or a party to the offense. We must
accept the State's argument for the following two reasons. First, there is some record evidence to suggest that two firearms
were involved in this offense. The co-defendant admitted possessing and firing one of the weapons during the alleged
offense. Appellant denied firing either weapon, but admitting possessing both firearms after the alleged offense. The
State's theory of prosecution was that both firearms were used or, alternatively, that if the co-defendant was the only person
who used a firearm, appellant was guilty as a party. The trial judge authorized the jury to convict appellant either as a
principal or a party to the charged offense. Because the jury returned a general verdict, we are unable to determine whether
the jury convicted appellant as a principal or a party. Consequently, we cannot accept appellant's argument at face value
that he was less culpable than the co-defendant. Second, there is no showing that by offering a closing argument that did
not distinguish between appellant and the co-defendant, that the co-defendant received a substantial benefit while appellant
was damaged by the argument. Indeed, it is difficult to see how the co-defendant received any benefit because the
punishment assessed was near the maximum even though the co-defendant, like appellant, was eligible for community
supervision. Consequently, we hold trial counsel was not burdened by an actual conflict of interest when he failed to
distinguish between appellant and the co-defendant at the punishment phase of trial.

 As there was no actual conflict of interest in the joint representation of appellant and the co-defendant, we hold appellant
did not receive ineffective assistance of counsel in the trial court. The first point of error is overruled.

II. Defense of Third Person.

 The second point of error contends the trial judge erred in failing to instruct the jury on appellant's right to resort to deadly
force in defense of the co-defendant. At the conclusion of trial, defense counsel requested a jury instruction on the defense
of a third person. Even though the State did not oppose the instruction, the trial judge refused the request, believing the
instruction was not raised by appellant during his testimony. 

 A person is justified in using force against another when and to the degree he reasonably believes the force is immediately
necessary to protect himself against the other's use or attempted use of unlawful force. Tex. Pen. Code Ann. § 9.31
(Vernon Supp. 2003). A person is justified in using deadly force against another (1) if he would be justified in using force
against the other under section 9.31, (2) if a reasonable person in the actor's situation would not have retreated, and (3)
when and to the degree he reasonably believes the deadly force is immediately necessary to protect himself against the
other's use or attempted use of unlawful deadly force. Id.§ 9.32. A "reasonable belief" means a belief that would be held
by an ordinary prudent person in the same circumstances as the actor. Id. § 1.07(a)(42) (Vernon 1994).

 A person is justified in using force or deadly force against another to protect a third person if (1) under the circumstances
as the actor reasonably believes them to be, the actor would be justified under section 9.31 or section 9.32 in using force or
deadly force to protect himself against the unlawful force or unlawful deadly force he reasonably believes to be threatening
the third person he seeks to protect, and (2) the actor reasonably believes that his intervention is immediately necessary to
protect the third person. Id. § 9.33. In other words, if the third person would have been justified in killing under section
9.32, then the defendant would also be justified in killing the victim. See id.

 Self-defense is a justification for one's actions, which necessarily requires admission that the conduct occurred. Young v.
State, 991 S.W.2d 835, 838 (Tex. Crim. App. 1999); Withers v. State, 994 S.W.2d 742, 744-5 (Tex. App.-Corpus Christi
1999, pet. ref'd); Anderson v. State, 11 S.W.3d 369, 372 (Tex. App.-Houston [1st Dist.] 2000, pet. ref'd). In other words,
self-defense is inconsistent with a denial of the conduct. Sanders v. State, 707 S.W.2d 78, 81 (Tex. Crim. App.
1986);MacDonald v. State, 761 S.W.2d 56, 60 (Tex. App.-Houston [14th Dist.] 1988, pet. ref'd). If the evidence raises the
issue, the defendant is entitled to have the issue submitted to the jury. Withers, 994 S.W.2d at 744. The defendant has this
right whether the evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court may or
may not think about the credibility of the defense. Id.at 745.

 In the instant case, appellant testified that he did not use or exhibit a deadly weapon during the alleged offense. Instead,
appellant strenuously denied shooting Hernandez, and testified the only shots were fired by the co-defendant. (3) Appellant
further testified that he did not even possess a firearm until after the shooting. In light of this testimony, we hold the
defense of third person was not raised by the evidence. Consequently, the trial judge did not err in denying the requested
instruction. The second point of error is overruled.

 The judgment of the trial court is affirmed.





 

CHARLES F. BAIRD

Justice



Do not publish.

Tex. R. App. P. 47.2(b).



Opinion delivered and filed this 

the 8th day of May, 2003.

1. Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003(Vernon 1998).

2. The co-defendant also raised a conflict of interest argument on appeal. Ramirez v. State, No. 13-00-708-CR, 2002 WL
1025500 (Tex. App.-Corpus Christi May 23, 2002, pet. ref'd).

3. Specifically, appellant stated that after Hernandez approached the vehicle, the co-defendant "pulled out the gun, like
put it in front of me, and I leaned back, and then he just shot him." IV, 117