COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-384-CR
  
  
THE STATE OF TEXAS                                                                  STATE
 
V.
 
EDWARD BOYLE                                                                      APPELLEE
 
 
------------
 
FROM COUNTY CRIMINAL COURT NO. 5 OF DENTON COUNTY
 
------------
 
OPINION
 
------------
        Appellee 
Edward Boyle was tried for and convicted of misdemeanor driving while 
intoxicated (DWI). Appellee filed a motion for new trial, which the trial court 
granted. The State now appeals that order in three points.[1]  
We will affirm.
Procedural History
        Appellee 
was tried for misdemeanor DWI.  See Tex. Penal Code Ann. § 49.04 (Vernon 
2003). After the State presented its case at trial, the defense moved for a 
directed verdict, which the trial court denied.  The defense rested, and 
each side presented its closing argument.
        The 
jury began its deliberations and, several hours later, informed the court that 
it could not reach a verdict, so the court gave the jury an Allen charge.[2]  The jury continued deliberating and later found 
Appellee guilty. The trial court sentenced Appellee to 150 days’ 
incarceration, probated over twenty-four months, a $500 fine, and forty hours of 
community service.
        Appellee 
subsequently filed a motion for new trial, based on five grounds: (1) the 
verdict was contrary to the law and evidence; (2) the evidence was legally 
insufficient to support the conviction; (3) the evidence was factually 
insufficient to support the conviction; (4) the jury verdict was decided in a 
manner other than a fair expression of the jurors’ opinion in that an outside 
influence was improperly brought to bear upon the jurors during their 
deliberations; (5) the jury engaged in such misconduct that Appellee did not 
receive a fair and impartial trial.
        Following 
a hearing on Appellee’s motion,[3] the trial court, 
without stating its reasons, granted the motion for new trial.
Standard of Review
        In 
the instant case, Appellee claimed, inter alia, that a new trial should 
be granted because the evidence at trial was factually insufficient to support 
the verdict.  Texas Rule of Appellate Procedure 21.3 lists the grounds for 
which a new trial must be granted.  Factual insufficiency is not among 
those listed. See Tex. R. App. P. 
21.3(a)-(h).  However, the grounds for new trial enumerated in the 
appellate rules are not exhaustive, and the trial court has discretion to grant 
a new trial for reasons not enumerated in the rules.[4]  
Reyes v. State, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993) (discussing 
old Rule 30(b)); State v. Read, 965 S.W.2d 74, 77 (Tex. App.—Austin 
1998, no pet.).
        For 
purposes of factual sufficiency review, the evidence is to be viewed in a 
neutral light, favoring neither party.  Zuniga v. State, No. 539-02, 
2004 WL 840786, at *7 (Tex. Crim. App. April 21, 2004); Clewis v. State, 
922 S.W.2d 126, 129 (Tex. Crim. App. 1996); West v. State, 121 S.W.3d 95, 
111 (Tex. App.—Fort Worth 2003, pet. ref’d).  Deference is to be given 
to the fact finder's determinations involving credibility and demeanor of 
witnesses.  Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Thornton v. State, 994 S.W.2d 845, 850 (Tex. App.—Fort Worth 1999, pet. 
ref’d).
        There 
are two ways in which the evidence may be factually insufficient.  First, 
when considered by itself, evidence is factually insufficient when the evidence 
supporting the verdict is so obviously weak as to undermine confidence in the 
verdict.  Zuniga, 2004 WL 840786, at *7; Johnson, 23 S.W.3d 
at 11; West, 121 S.W.3d at 111.  Evidence may also be factually 
insufficient when it is weighed against evidence contrary to the verdict and the 
contrary evidence is strong enough that the beyond-a-reasonable-doubt standard 
could not have been met.  Zuniga, 2004 WL 840786, at *7.  Under 
this standard, evidence supporting guilt may “outweigh” contrary proof and 
still be factually insufficient under the beyond-a-reasonable-doubt 
standard.  Id.
        In 
the instant case, however, we are not conducting a de novo review of the 
factual sufficiency of the evidence.  Instead, we are reviewing the trial 
court’s decision to grant a new trial.  The granting or denial of a 
motion for new trial rests within the sound discretion of the trial court.  
Lewis v. State, 911 S.W.2d 1,7 (Tex. Crim. App. 1995); Torrance v. 
State, 59 S.W.3d 275, 276-77 (Tex. App.—Fort Worth 2001, pet. ref’d).  
We will reverse only when the trial court’s decision was clearly wrong and 
outside the zone of reasonable disagreement.  Torrance, 59 S.W.3d at 
277.  The ruling of the trial court is presumed to be correct, and it is 
the appellant’s burden to establish the contrary.  Jensen v. State, 
66 S.W.3d 528, 545 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d); Read, 
965 S.W.2d at 77.  Moreover, when no findings of fact or conclusions of law 
are made by the trial court, we will uphold the judgment if any appropriate 
ground exists to support it.  State v. Gill, 967 S.W.2d 540, 541 
(Tex. App—Austin 1998, pet. ref’d).  Therefore, when considering 
factual insufficiency as a possible ground for the granting of the new trial, we 
must determine whether a finding of factual insufficiency by the trial court 
would have been an abuse of discretion, i.e., whether it would have been clearly 
wrong and outside the zone of reasonable disagreement.  Cf. State v. 
Kelley, 20 S.W.3d 147, 151 (Tex. App.—Texarkana 2000, no pet.) (holding 
that in reviewing trial court's granting of motion for new trial based on 
ineffective assistance of counsel, appellate court will only determine whether 
finding of ineffective assistance of counsel would have been clearly wrong and 
outside zone of reasonable disagreement so as to amount to abuse of discretion); 
Gill, 967 S.W.2d at 542 (holding that when trial judge grants motion for 
new trial on basis of ineffective assistance of counsel, appellate court should 
review standards of Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 
2052 (1984), through prism of abuse of discretion standard and decide whether 
trial court's decision to grant new trial was so outside zone of reasonable 
disagreement that it is subject to reversal).
Analysis
        At 
trial, the State called three witnesses to the stand.  Randy Morgan 
testified that he was awake in the early morning hours on February 6, 2002, 
watching television when he heard a “loud crash” outside his home; he looked 
out the window and saw that a car had hit a parked car.  As he called 911, 
he looked out the window and observed a car across the street trying to back 
up.  Morgan testified that the car slid against the curb.  Morgan 
stated that he did not see the driver and could not identify Appellee as the 
driver.  Asked on cross-examination, “You have no idea who was involved 
in that wreck?”  Morgan responded, “No, sir, I do not.”  He also 
testified that the streets were icy and that he did not go to work the next day 
because of the ice.  Police later came and questioned Morgan about the 
accident.
        Paramedic 
James Benton testified that he received a call concerning the accident about 
2:00 a.m. on February 6, 2002.  When he arrived at the scene, he found one 
person behind the wheel of a car that had hit a parked car.  Benton did not 
know the name of the driver and could not identify Appellee as the driver.  
Benton testified that he smelled alcohol as he approached the car.  Benton 
took the driver to the hospital.
        Officer 
Scott Hayney testified that a call came in at 2:41 a.m., and he was dispatched 
to the accident site at 2:42 a.m.  He arrived at the scene about 2:51 a.m. 
and found a 2001 Mercedes Benz that had been in an accident with two other 
cars.  He stated that when he arrived at the scene, the driver was already 
in the ambulance and “they were just leaving to go towards the 
hospital.”  Hayney did not see Appellee driving or in possession of a 
car, but he found that the car was registered to Appellee.  He stated that 
he could smell a “slight odor of an alcoholic beverage from within the 
vehicle, but there was [sic] no open containers or any bottles.”  Hayney 
said that he stayed on the scene for about twenty-five minutes. He also 
testified that although it had been snowing throughout the day, the streets were 
wet, but not icy, at the time of the accident.  Hayney also stated that 
driving too fast for weather conditions and inability to avoid accidents were 
both signs of intoxication.
        Hayney 
found out that the driver had been taken to Medical Center of Lewisville.  
Upon arriving at the hospital around 3:30 a.m., Hayney saw Appellee for the 
first time in the emergency room and asked him about the accident.  
According to Hayney, Appellee admitted to being the driver of the vehicle 
involved in the accident, and he stated that he had had “a couple glasses of 
wine, probably about 12:00 to 12:30 a.m., same day.”  Hayney also 
testified that he could smell alcohol on Appellee’s breath and that 
Appellee’s eyes were red, heavy, and glassy.  Hayney stated that if 
Appellee had had just two drinks about three hours before, he would not have 
been able to smell the alcohol on Appellee.
        Hayney 
stated that he conducted an HGN test on Appellee and that he observed six 
indicators of intoxication.  He testified that he did not conduct any other 
sobriety tests and that he did not inquire at the hospital as to whether 
Appellee had been given any drugs that might have affected the HGN test or the 
condition of his eyes.  Hayney testified that based upon his training and 
experience and his observations of Appellee that night, he was of the opinion 
that Appellee’s ability to drive was impaired and that Appellee had lost the 
normal use of his mental and physical faculties due to the introduction of 
alcohol.  However, Hayney did not place Appellee under arrest at the 
hospital. Instead, he obtained a warrant for Appellee’s arrest several months 
later.
        Section 
49.04 of the Texas Penal Code, titled “Driving While Intoxicated,” states 
that it is an offense if a “person is intoxicated while operating a motor 
vehicle in a public place.”  Tex. 
Penal Code Ann. § 49.04(a) (Vernon 2003).  The penal code further 
defines “intoxicated” as either “not having the normal use of mental or 
physical faculties by reason of the introduction of alcohol, a controlled 
substance, a drug, a dangerous drug, a combination of two or more of those 
substances, or any other substance into the body,” or “having an alcohol 
concentration of 0.08 or more.”  Id. § 49.01(2).  The 
court’s charge to the jury defined “intoxicated” as “not having the 
normal use of mental or physical faculties by reason of the introduction of 
alcohol.”
        The 
evidence that Appellee was “operating” his vehicle while intoxicated, as 
defined by the penal code and the jury charge, was factually weak.  There 
was no evidence concerning Appellee’s behavior or condition at the scene of 
the accident.  The accident took place late at night, and whether the roads 
were icy or only wet that evening, driving conditions were far from ideal.  
Moreover, Hayney’s HGN test was conducted not at the scene of the accident, 
but at a hospital, approximately ninety minutes after the accident took place, 
and Hayney did not know whether Appellee had received any drugs that might have 
affected his performance on the test. No other sobriety tests were conducted, 
and there was no evidence tying Appellee’s condition at the hospital to his 
condition at the time of the accident.  Viewing all of this evidence in a 
neutral light, the trial court could have reasonably concluded that the evidence 
was factually insufficient to support Appellee’s conviction.  Therefore, 
the trial court was within its discretion in granting a new trial. We overrule 
the State’s third point.[5]  The order of the 
trial court granting a new trial is affirmed.
 
 
                                                          ANNE 
GARDNER
                                                          JUSTICE
  
 
PANEL A:   CAYCE, 
C.J.; GARDNER and MCCOY, JJ.
 
DO NOT PUBLISH
Tex. R. 
App. P. 47.2(b)
 
DELIVERED: July 15, 2004


NOTES
1.  
The State’s points are as follows: (1) since the trial court did not order an 
acquittal, it did not grant Appellee’s motion for new trial based on the 
State’s failure to prove the corpus delecti of the offense, but if this was 
the ground for the trial court’s ruling, the trial court abused its discretion 
because the corpus delecti of DWI was established by evidence that corroborated 
Appellee’s extrajudicial admission; (2) since the trial court did not order an 
acquittal, it did not grant Appellee’s motion for new trial on legal 
insufficiency of the evidence, but if this was the ground for the trial 
court’s ruling, the trial court abused its discretion because the evidence was 
sufficient for a rational jury to convict Appellee of DWI; (3) the trial court 
erred in granting Appellee’s motion for new trial because the evidence was 
factually sufficient to convict Appellee of DWI.
2.  See 
Allen v. United States, 164 U.S. 492, 17 S. Ct. 154 (1896).
3.  
The only witness who testified at the hearing, over the State’s objections, 
was one of the jurors from the trial, Ernie Marmon. During closing arguments, 
the trial judge indicated that in deciding whether to grant a new trial, he 
would not consider Marmon’s testimony.
4.  
Criminal defendants in other cases have included factual insufficiency as a 
ground in their motions for new trial. See, e.g., State v. Lewis, Nos. 
12-02-00193-CR, 12-02-00194-CR, 2004 WL 626171, at *1, *6 (Tex. App.—Tyler 
March 30, 2004, no pet. h.); Withers v. State, 994 S.W.2d 742, 743 (Tex. 
App.—Corpus Christi 1999, pet. ref’d).
        One 
court of appeals has stated that the granting of a new trial on the basis of 
factual insufficiency is the equivalent of a trial court granting a motion for 
new trial because the verdict is against the law and evidence. Youens v. 
State, 988 S.W.2d 404, 407 n.2 (Tex. App.—Houston [1st Dist.] 1999, no 
pet.); see also State v. Savage, 933 S.W.2d 497, 501 n.1 (Tex. Crim. App. 
1996) (Clinton, J., dissenting) (suggesting that language of old Rule 30(b)(9), 
now Rule 21.3(h), that a new trial shall be granted “when the verdict is 
contrary to the law and the evidence,” as authorizing post-judgment inquiry at 
trial court level into factual sufficiency of the evidence).
5.  
In light of our holding regarding this point, we need not address the State’s 
remaining points. See Tex. R. App. 
P. 47.1.