STATE V. BOYLE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-03-384-CR

THE STATE OF TEXAS STATE

V.

EDWARD BOYLE APPELLEE

------------

FROM COUNTY CRIMINAL COURT NO. 5 OF DENTON COUNTY

------------

OPINION

------------

Appellee Edward Boyle was tried for and convicted of misdemeanor driving while intoxicated (DWI).  Appellee filed a motion for new trial, which the trial court granted.   The State now appeals that order in three points.
(footnote: 1)  We will affirm.

Procedural History

Appellee was tried for misdemeanor DWI.  
See
 
Tex. Penal Code Ann.
 § 49.04 (Vernon 2003).  After the State presented its case at trial, the defense moved for a directed verdict, which the trial court denied.  The defense rested, and each side presented its closing argument.  

The jury began its deliberations and, several hours later, informed the court that it could not reach a verdict, so the court gave the jury an 
Allen
 charge.
(footnote: 2)  The jury continued deliberating and later found Appellee guilty.  The trial court sentenced Appellee to 150 days’ incarceration, probated over twenty-four months, a $500 fine, and forty hours of community service. 

Appellee subsequently filed a motion for new trial, based on five grounds: (1) the verdict was contrary to the law and evidence; (2) the evidence was legally insufficient to support the conviction; (3) the evidence was factually insufficient to support the conviction; (4) the jury verdict was decided in a manner other than a fair expression of the jurors’ opinion in that an outside influence was improperly brought to bear upon the jurors during their deliberations; (5) the jury engaged in such misconduct that Appellee did not receive a fair and impartial trial. 
 

Following a hearing on Appellee’s motion,
(footnote: 3) the trial court, without stating its reasons, granted the motion for new trial. 
 

Standard of Review

In the instant case, Appellee claimed, 
inter alia
, that a new trial should be granted because the evidence at trial was factually insufficient to support the verdict.  Texas Rule of Appellate Procedure 21.3 lists the grounds for which a new trial must be granted.  Factual insufficiency is not among those listed.  
See
 Tex. R. App. P.
 
21.3
(a)-(h).  However, the grounds for new trial enumerated in the appellate rules are not exhaustive, and the trial court has discretion to grant a new trial for reasons not enumerated in the rules.
(footnote: 4)  
Reyes v. State
, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993) (discussing old Rule 30(b));
 
State v. Read
, 965 S.W.2d 74, 77 (Tex. App.—Austin 1998, no pet.)
. 

For purposes of factual sufficiency review, the evidence is to be viewed in a neutral light, favoring neither party. 
 
Zuniga v. State
, No. 539-02, 2004 WL 840786, at *7 (Tex. Crim. App. April 21, 2004);
 
Clewis v. State
, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); 
West v. State
, 121 S.W.3d 95, 111 (Tex. App.—Fort Worth 2003, pet. ref’d).  Deference is to be given to the fact finder's determinations involving credibility and demeanor of witnesses.  
Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Thornton v. State
, 994 S.W.2d 845, 850 (Tex. App.—Fort Worth 1999, pet. ref’d).
  

There are two ways in which the evidence may be factually insufficient.  First, when considered by itself, evidence is factually insufficient when the evidence supporting the verdict is so obviously weak as to undermine confidence in the verdict.  
Zuniga
, 
2004 WL 840786, at *7
;
 Johnson
, 23 S.W.3d at 11;
 West
, 121 S.W.3d at 111.  Evidence may also be factually insufficient 
when it is weighed against evidence contrary to the verdict and the contrary evidence is strong enough that the beyond-a-reasonable-doubt standard could not have been met.  
Zuniga
, 2004 WL 840786, at *7.  Under this standard, evidence supporting guilt may “outweigh” contrary proof and still be factually insufficient under the beyond-a-reasonable-doubt standard.  
Id.
 
 

In the instant case, however, we are not conducting a 
de novo 
review of the factual sufficiency of the evidence
.  Instead, we are reviewing the trial court’s decision to grant a new trial.
  The granting or denial of a motion for new trial rests within the sound discretion of the trial court.  
Lewis v. State
, 911 S.W.2d 1,7 (Tex. Crim. App. 1995); 
Torrance v. State
, 59 S.W.3d 275, 276-77 (Tex. App.—Fort Worth 2001, pet. ref’d).  We will reverse only when the trial court’s decision was clearly wrong and outside the zone of reasonable disagreement.  
Torrance
, 59 S.W.3d at 277.  The ruling of the trial court is presumed to be correct, and it is the appellant’s burden to establish the contrary.  
Jensen v. State
, 66 S.W.3d 528, 545 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d); 
Read
, 965 S.W.2d at 77.  
Moreover, when no findings of fact or conclusions of law are made by the trial court, we will uphold the judgment if any appropriate ground exists to support it.  
State v. Gill
, 967 S.W.2d 540, 541 (Tex. App—Austin 1998, pet. ref’d).  
Therefore, when considering factual insufficiency as a possible ground for the granting of the new trial, we must determine whether a finding of factual insufficiency by the trial court would have been an abuse of discretion, i.e., whether it would have been clearly wrong and outside the zone of reasonable disagreement.  
Cf. State v. Kelley
, 20 S.W.3d 147, 151 (Tex. App.—Texarkana 2000, no pet.) (holding that in reviewing trial court's granting of motion for new trial based on ineffective assistance of counsel, appellate court will only determine whether finding of ineffective assistance of counsel would have been clearly wrong and outside zone of reasonable disagreement so as to amount to abuse of discretion); 
Gill
, 967 S.W.2d at 542 (holding that when trial judge grants motion for new trial on basis of ineffective assistance of counsel, appellate court should review standards of 
Strickland v. Washington
, 466 U.S. 668, 104 S. Ct. 2052 (1984), through prism of  abuse of discretion standard and decide whether trial court's decision to grant new trial was so outside zone of reasonable disagreement that it is subject to reversal).

Analysis 

At trial, the State called three witnesses to the stand.  Randy Morgan testified that he was awake in the early morning hours on February 6, 2002, watching television when he heard a “loud crash” outside his home; 
he looked out the window and saw that a car had hit a parked car. 
 As he called 911, he looked out the window and observed a car across the street trying to back up. Morgan testified that the car slid against the curb.  
Morgan stated that he did not see the driver and could not identify Appellee as the driver.  Asked on cross-examination, “You have no idea who was involved in that wreck?” Morgan responded, “No, sir, I do not.” 
 He also testified that the streets were icy and that he did not go to work the next day because of the ice.  Police later came and questioned Morgan about the accident. 

Paramedic James Benton testified that he received a call concerning the accident about 2:00 a.m. on February 6, 2002.  When he arrived at the scene, he found one person behind the wheel of a car that had hit a parked car.  Benton did not know the name of the driver and could not identify Appellee as the driver.  Benton testified that he smelled alcohol as he approached the car. Benton took the driver to the hospital.

Officer Scott Hayney testified that a call came in at 2:41 a.m., and he was dispatched to the accident site at 2:42 a.m.  He arrived at the scene about 2:51 a.m. and found a 2001 Mercedes Benz that had been in an accident with two other cars. 
 He stated that when he arrived at the scene, the driver was already in the ambulance and “they were just leaving to go towards the hospital.”  Hayney did not see Appellee driving or in possession of a car, but he found that the car was registered to Appellee.  He stated that he could smell a “slight odor of an alcoholic beverage from within the vehicle, but there was [sic] no open containers or any bottles.” 
 Hayney said that he stayed on the scene for about twenty-five minutes.  He also testified that although it had been snowing throughout the day, the streets were wet, but not icy, at the time of the accident. 
 Hayney also stated that driving too fast for weather conditions and inability to avoid accidents were both signs of intoxication. 

Hayney found out that the driver had been taken to Medical Center of Lewisville.  Upon arriving at the hospital around 3:30 a.m., Hayney saw Appellee for the first time in the emergency room and asked him about the accident.  According to Hayney, Appellee admitted to being the driver of the vehicle involved in the accident, and he stated that he had had “a couple glasses of wine, probably about 12:00 to 12:30 a.m., same day.”  Hayney also testified that he could smell alcohol on Appellee’s breath and that Appellee’s eyes were red, heavy, and glassy.  
Hayney stated that if Appellee had had just two drinks about three hours before, he would not have been able to smell the alcohol on Appellee.

Hayney stated that he conducted an HGN test on Appellee and that he observed six indicators of intoxication.  He testified that he did not conduct any other sobriety tests and that he did not inquire at the hospital as to whether Appellee had been given any drugs that might have affected the HGN test or the condition of his eyes.  Hayney testified that based upon his training and experience and his observations of Appellee that night, he was of the opinion that
 Appellee’s ability to drive was impaired and that Appellee had lost the normal use of his mental and physical faculties due to the introduction of alcohol.  However, Hayney did not place Appellee under arrest at the hospital. Instead, he obtained a warrant for Appellee’s arrest several months later.   
 Section 49.04 of the Texas Penal Code, titled “Driving While Intoxicated,” states that it is an offense if a “person is intoxicated while operating a motor vehicle in a public place.”  
Tex. Penal Code Ann.
 § 49.04(a) (Vernon 2003).  The penal code further defines “intoxicated” as either “not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body,” or “having an alcohol concentration of 0.08 or more.”  
Id.
 
§ 49.01(2).  The court’s charge to the jury defined “intoxicated” as “not having the normal use of mental or physical faculties by reason of the introduction of alcohol.”

The evidence that Appellee was “operating” his vehicle while intoxicated, as defined by the penal code and the jury charge, was factually weak.  There was no evidence concerning Appellee’s behavior or condition at the scene of the accident.  The accident took place late at night, and whether the roads were icy or only wet that evening, driving conditions were far from ideal.  Moreover, Hayney’s HGN test was conducted not at the scene of the accident, but at a hospital, approximately ninety minutes after the accident took place, and Hayney did not know whether Appellee had received any drugs that might have affected his performance on the test.  No other sobriety tests were conducted, and there was no evidence tying Appellee’s condition at the hospital to his condition at the time of the accident.  Viewing all of this evidence in a neutral light, the trial court could have reasonably concluded that the evidence was factually insufficient to support Appellee’s conviction.  Therefore, the trial court was within its discretion in granting a new trial.  We overrule the State’s third point.
(footnote: 5)  The order of the trial court granting a new trial is affirmed.

ANNE GARDNER

JUSTICE

PANEL A: CAYCE, C.J.; GARDNER and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  July 15, 2004

FOOTNOTES
1:
The State’s points are as follows:  (1) since the trial court did not order an acquittal, it did not grant Appellee’s motion for new trial based on the State’s failure to prove the corpus delecti of the offense, but if this was the ground for the trial court’s ruling, the trial court abused its discretion because the corpus delecti of DWI was established by evidence that corroborated Appellee’s extrajudicial admission; (2) since the trial court did not order an acquittal, it did not grant Appellee’s motion for new trial on legal insufficiency of the evidence, but if this was the ground for the trial court’s ruling, the trial court abused its discretion because the evidence was sufficient for a rational jury to convict Appellee of DWI; (3) the trial court erred in granting Appellee’s motion for new trial because the evidence was factually sufficient to convict Appellee of DWI.

2:
See
 
Allen v. United States
, 164 U.S. 492, 17 S. Ct. 154 (1896). 

3:
The only witness who testified at the hearing, over the State’s objections, was one of the jurors from the trial, Ernie Marmon.  During closing arguments, the trial judge indicated that in deciding whether to grant a new trial, he would not consider Marmon’s testimony. 

4:
Criminal defendants in other cases have included factual insufficiency as a ground in their motions for new trial.  
See, e.g., State v. Lewis
, Nos. 
12-02-00193-CR, 12-02-00194-CR, 
2004 WL 626171, at *1, *6 (Tex. App.—Tyler March 30, 2004, no pet. h.);
 Withers v. State
, 994 S.W.2d 742, 743 (Tex. App.—Corpus Christi 1999, pet. ref’d).

One court of appeals has stated that the granting of a new trial on the basis of factual insufficiency is the equivalent of a trial court granting a motion for new trial because the verdict is against the law and evidence.  
Youens v. State
, 988 S.W.2d 404, 407 n.2 (Tex. App.—Houston [1st Dist.] 1999, no pet.); 
see also State v. Savage
, 933 S.W.2d 497, 501 n.1 (Tex. Crim. App. 1996) (Clinton, J., dissenting) (suggesting that language of old Rule 30(b)(9), now Rule 21.3(h), that a new trial shall be granted “when the verdict is contrary to the law and the evidence,” as authorizing post-judgment inquiry at trial court level into factual sufficiency of the evidence).

5:
In light of our holding regarding this point, we need not address the State’s remaining points.  
See
 
Tex. R. App. P.
 47.1.