NO. 07-06-0060-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

APRIL 9, 2007
_____

WALTER LEE WILLIAMS, III,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 50,502-A; HON. HAL MINER, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, CJ. and CAMPBELL and HANCOCK, JJ.

Walter Lee Williams, III appeals his conviction for evading arrest with a motor vehicle. Through his points of error, he contends that the evidence was legally and factually insufficient to support the conviction. We affirm the judgment.

The applicable standards of review are explained in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *Watson v. State,* 204 S.W.3d 404 (Tex. Crim. App. 2006). We refer the parties to those cases.

Next, a person commits the offense of evading arrest or detention if he intentionally flees from a person he knows is a peace officer attempting to lawfully arrest or detain him. TEX. PEN. CODE ANN. §38.04(a) (Vernon 2003). Appellant argues that the evidence was insufficient to illustrate that he knew (while driving his car) that he was being pursued by a peace officer who was attempting to detain him. We disagree.

A person's intent or knowledge may be inferred by acts, words, conduct, and the surrounding circumstances. *Ledesma v. State,* 677 S.W.2d 529, 531 (Tex. Crim. App. 1984); *Withers v. State,* 994 S.W.2d 742, 746 (Tex. App.–Corpus Christi 1999, pet. ref'd). Here, the record showed the following. First, Officer Scott Chappell observed appellant, during the wee hours of the morning and while it was still dark, erratically operating his motor vehicle. Second, the officer activated his red and blue emergency overhead lights on his officially marked squad car and sped up to catch appellant. Three, appellant accelerated his vehicle. Four, Chappell maintained a constant view of appellant's vehicle and activated his siren. Five, the siren was described as "very loud." Six, the emergency lights of the squad car could be seen in the rear view mirror of appellant's vehicle. Next, appellant drove onto the grounds of an apartment complex, exited the vehicle while it was still moving, and began to run. Eight, Chappell chased appellant on foot while yelling "stop, police" and eventually captured him. Finally, a video recording of the incident was viewed by the jury. This is some evidence upon which a rational jury could find beyond a reasonable doubt that appellant knew, while driving his vehicle, that he was being pursued by a peace officer who wished to detain him. *See Kimbrough v. State,* No. 04-01-0273-CR, 2002 Tex. App. LEXIS 593 at *7 (Tex. App.–San Antonio January 30, 2002, pet. ref'd) (not designated for publication) (finding the evidence legally sufficient when the officer activated

2

his overhead lights but the defendant sped away which resulted in a high speed chase through a residential neighborhood with the defendant swerving between lanes, running several stop signs, and driving into a curb after which he abandoned the car and fled on foot).

And, that appellant exited his vehicle *while it was stilling moving* and then began to run on foot could certainly be viewed by a rational jury as rebutting the suggestion that he did not first become aware of the officer's presence until he left the vehicle. Thus, we cannot say that the evidence in any way preponderates against the jury's verdict or that the evidence supporting the verdict was weak.

In sum, the record contains legally and factually sufficient evidence establishing appellant's guilt. Thus, we overrule the issues and affirm the judgment.


Brian Quinn
Chief Justice


Do not publish.