Kenneth G. WRIGHT, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–92–02410–CR.

Court of Appeals of Texas,
Dallas.

Feb. 18, 1994.

R.K. Weaver, Dallas, for appellant.

Michael J. Sandlin, Dallas, for appellee.

Before LAGARDE, MALONEY and ROSENBERG, JJ.

## OPINION ON PETITION FOR DISCRETIONARY REVIEW

LAGARDE, Justice.

On appellant's motion for reconsideration on petition for discretionary review, we vacate our judgment of January 20, 1994 and withdraw our opinion of January 20, 1994. The following is now the Court's opinion and judgment.

Kenneth G. Wright appeals his conviction for theft, a third-degree felony. The trial court found appellant guilty and assessed punishment at ten years' imprisonment, probated. In a single point of error, appellant contends that the trial court erred in failing to follow a mandatory statute requiring a presentence investigation report prior to sentencing in felony cases. We affirm.

Robert Kettle is part-owner and manager of Wayne's Check Cashing Service (Wayne's). Appellant, who owns a concrete business, cashed personal and company checks at Wayne's. Several of appellant's checks, which were returned to Wayne's for insufficient funds (NSF), were the basis of the felony theft charge.

During the trial before the court held on August 24, 1992 and October 5, 1992, the State presented evidence regarding the total amount of the NSF checks. Defense counsel put on evidence of items appellant believed offset these NSF checks. After finding appellant guilty, the trial court asked if either side wanted a presentence investigation (PSI) report before punishment was assessed. The court noted that a PSI report would be prepared before sentencing. Defense counsel stated that the defense had nothing further. During argument at the punishment phase, the prosecutor requested that appellant not be placed on deferred adjudication and defense counsel asked for probation. The trial court then assessed punishment, stating:

Punishment is set at ten years confinement in the Institutional Division, Texas Department of Criminal Justice. Imposi-

tion of sentence is suspended for ten years. The defendant is placed on probation for ten years.

We need a PSI report, I guess.

Sir, following the preparation of a PSI report, you will be on probation for a period of ten years. Please go over the terms of probation with the probation officer before you leave the area today. Restitution in the amount of—What did he say, Ms. Jones, twelve?—twelve thousand dollars to be paid by you as a term and condition of probation payable a hundred dollars a month.

After remarks by defense counsel regarding appellant's offset amounts, the trial court reduced the amount of restitution to $10,000, payable over 120 months.[1] The proceedings then ended. The judgment was signed and imposition of sentence was suspended on October 5, 1992. The probation order was also signed on October 5, 1992. There is no affirmative evidence in the record that the trial court reviewed a PSI report. There is no evidence in the record that appellant filed any motion or made any other attempt to inform the trial court of the grounds for this appeal before or after filing his notice of appeal on that same day.

In his sole point of error, appellant asserts that the trial court erred by failing to order and review a PSI report prior to sentencing. Appellant relies on section 9 of article 42.12 of the code of criminal procedure, which stated in pertinent part at the time of trial:

Sec. 9. (a) Before the imposition of sentence by the court in a felony case, and except as provided by Subsection (b) of this section, before the imposition of sentence by the court in a misdemeanor case *the court shall direct a probation officer to report to the court in writing* on the circumstances of the offense with which the defendant is charged, the amount of restitution necessary to adequately compensate a victim of the offense, the criminal and social history of the defendant, and any

---

**1.** The record is clear that the court intended the $10,000 in restitution to be paid out in equal installments over 120 months, or $83.33 per

month. The written probation terms and conditions, however, require $100 per month. No complaint is made of this on appeal.

other information relating to the defendant or the offense requested by the court. . . .

(b) *The court is not required* to direct a probation officer to prepare a report *in a misdemeanor* case if [either of two events occur].

Act of August 25, 1991, 72nd Leg., 2d C.S., ch. 10, § 16.01, 1991 Tex.Gen.Laws 213, 213, *amended by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 4.01, 1993 Tex.Gen.Laws 3716, 3722 (current version at TEX.CODE CRIM.PROC.ANN. art. 42.12, § 9(a) & (b) (Vernon Supp.1994)) (emphasis added).[2] Appellant argues that this statute is mandatory in all felony cases and that failure of the trial court to require a PSI report is reversible error, not subject to a harm analysis. The State argues that appellant waived any error by not objecting at trial. Alternatively, the State argues that, if preserved, any error was harmless.

### *Presumption of Regularity*

■■■ Before deciding the point of error, we must address the substance of the record before us. Absent a showing to the contrary, there is a presumption of regularity attending the proceedings in the trial court. *Ex parte Stacey*, 709 S.W.2d 185, 189 (Tex.Crim. App.1986); *see Thompson v. State*, 641 S.W.2d 920, 921 (Tex.Crim.App. [Panel Op.] 1982). The burden is on appellant to overcome the presumption. *Ex parte Stacey*, 709 S.W.2d at 189. The record before us, however, reflects only appellant's assertion and a few facts that suggest a PSI report was not reviewed by the trial court before suspension of the imposition of appellant's sentence.

■■■ It is clear that the trial court granted probation without reviewing a PSI report. The court stated, however, that probation

would not begin until a PSI report was prepared. That same day, a probation order was entered. There is nothing in the record before us that refutes the presumption that the court ordered, the probation officer prepared, and the court reviewed a PSI report before probation began.[3] Where the record does not affirmatively reflect that procedural requirements were violated, the presumption of regularity must prevail. *Jones v. State*, 646 S.W.2d 449, 449 (Tex.Crim.App.1983) (per curiam). We hold that the record before us fails to rebut the presumption of regularity.

Assuming, *arguendo*, that appellant has met his burden of rebutting the presumption of regularity, however, we address the merits of his point of error.

### *Section 9(a) of Article 42.12*

■■■ Appellant is correct in stating that the provisions of section 9(a) of article 42.12 are mandatory. "The terms 'must' and 'shall' are synonymous and are usually mandatory when used in statutes. Although the term 'shall' may sometimes be construed to be permissive or directory, we understand the rule to be that 'shall' should be given the meaning that best expresses the legislative intent." *Sodipo v. State*, 815 S.W.2d 551, 553–54 (Tex.Crim.App.1990) (citations omitted). Further, while section 9(b) expressly exempts a PSI report in some misdemeanor cases, there is no similar express exemption of a PSI report in felony cases under any circumstances.[4] Consequently, the statutory language is clear and unambiguous. "Where the statute is clear and unambiguous, the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a stat-

---

**2.** Appellant was tried on August 24, 1992. Effective September 1, 1993, the legislature amended article 42.12. All references to section 9 of article 42.12, unless otherwise noted, are to the 1991 session-law version, which was the statute in effect at the time of appellant's trial.

**3.** Amendments to article 42.01 effective September 1, 1993 require criminal judgments to affirmatively state that a PSI report was "done" in the event such a report is required by section 9 of article 42.12. *See* TEX.CODE CRIM.PROC.ANN. art. 42.01, § 1(26) (Vernon Supp.1994). No similar

requirement was in effect at the time of appellant's sentencing. *See* Act of August 25, 1991, 72nd Leg., 2d C.S., ch. 10, § 7.02, 1991 Tex.Gen. Laws 187, 187–88, *amended by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 5.03, 1993 Tex.Gen.Laws 3745, 3746.

**4.** In the amendments to article 42.12 effective September 1, 1993, the legislature created some exceptions to the requirement of a PSI report in felony cases. *See* TEX.CODE CRIM.PROC.ANN. art. 42.12, § 9(g) (Vernon Supp.1994).

ute." *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991) (quoting *Ex parte Davis,* 412 S.W.2d 46, 52 (Tex.Crim.App. 1967) (op. on reh'g), *overruled on other grounds by Ex parte Hill,* 528 S.W.2d 125, 127 n. 2 (Tex.Crim.App.1975)). We conclude that the legislative intent of article 42.12, section 9 is that in all felony cases, a trial court is required to direct a probation officer to prepare and provide to the court a written PSI report before the court imposes a sentence on the defendant. *Cf. Garrett v. State,* 818 S.W.2d 227, 229 (Tex.App.—San Antonio 1991, no pet.) (article 42.12, section 9(i) is mandatory when the circumstances stated therein are present). Failure to comply with this mandatory provision is error. *See id.*

### Before Imposition of Sentence

■ Appellant argues that "the current law mandates a PSI [report] in all cases before a trial judge can assess *punishment.*" Appellant misreads the statute. Under section 9(a) of article 42.12, the trial court must order a PSI report before imposition of *sentence.* The term "sentence" simply means "that part of a judgment ordering 'that the *punishment* be carried into execution in the manner prescribed by law[.]' " *State ex rel. Turner v. McDonald,* 676 S.W.2d 375, 378 (Tex.Crim.App.1984) (per curiam) (quoting, in part, Tex.Code Crim.Proc.Ann. art. 42.02 (Vernon Supp.1994)) (emphasis added). Thus, the terms "sentence" and "punishment" are not synonymous. We are bound, therefore, by the legislature's choice of the term "sentence" and may not substitute "punishment" in its place. *See Boykin,* 818 S.W.2d at 785.

The imposition of a sentence is *suspended,* however, until the terms and conditions of probation are breached by a probationer and probation is revoked. *See McDonald,* 676

S.W.2d at 378. Furthermore, the legislature knew of this effect of probation. *See* Tex. Code Crim.Proc.Ann. art. 42.12, § 1 (Vernon Supp.1994) (article 42.12 purpose is to give courts "responsibility for determining when the imposition of sentence in certain cases shall be suspended").[5] Therefore, under the plain language of the statute, as long as appellant has not breached the terms of his probation, the trial court cannot violate section 9(a) by failing to order the preparation of a PSI report.

Recently, the court of criminal appeals had an opportunity to interpret another mandatory section of article 42.12. In *Price v. State,* 866 S.W.2d 606 (Tex.Crim.App.1993) (per curiam), the court noted that article 42.12, section 5(a) required a trial court in a deferred adjudication proceeding involving a misdemeanor offense to inform the defendant of any possible consequences of violating the resulting probation. *Id.* at 612. The court in *Price* refused, however, to hold that the trial court was required to perform this act *before* placing the defendant on probation. *Id.* at 613. The court based its decision partly on the language of section 5(a), which did not state any specific time when such information should be given. *Id.* at 612. The court in *Price* stated, "[w]hen and how the court subsequently conveys such information to [the] defendant will necessarily depend on the circumstances of the defendant, and [the] means of compliance are obviously matters *within the informed discretion of the [trial] court."* *Id.* at 613 (emphasis added).

*Price* is not controlling in our case;[6] however, we believe the reasoning is applicable. Where the legislature has mandated the trial court to order the preparation of a PSI report, yet expressly granted that court the period of time between conviction[7] and impo-

5. The 1993 amendments to article 42.12 did not substantively affect the *purpose* of the article. *See* Act of May 28, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex.Gen.Laws 3498, 3498, *amended by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 4.01, 1993 Tex.Gen.Laws 3716, 3717.

6. The court of criminal appeals specifically limited its conclusions and holdings in *Price* to deferred-adjudication proceedings in misdemeanor cases. *Price,* 866 S.W.2d at 608.

7. Article 42.12, section 9 does not come into play until a defendant has been convicted. *See, e.g.,* Act of May 28, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex.Gen.Laws 3498, 3498–99 (amended 1993) (current version at Tex.Code Crim.Proc.Ann. art. 42.12, §§ 3 & 4(a) (Vernon Supp.1994)); Act of May 18, 1991, 72nd Leg., R.S., ch. 343, § 1, 1991 Tex.Gen.Laws 1389, 1390, *amended by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 4.01, 1993 Tex.Gen.Laws

sition of sentence in which to perform this task, the trial court has discretion to act within this established period. There is no evidence in the record before us that appellant has breached the terms of his probation. We conclude that the trial court could not have abused its discretion because the record does not show that the time permitted for its action had lapsed.[8]

Assuming, *arguendo*, that a mandatory rule was breached, that does not end our inquiry. We must determine whether appellant preserved error.

### Forfeiture of Right

■ The Texas Court of Criminal Appeals has stated that our adjudicatory system contains three distinct types of rules: (1) absolute requirements and prohibitions; (2) rights of litigants that must be implemented by the system unless expressly waived; and (3) rights of litigants that are to be implemented upon request. *Marin v. State*, 851 S.W.2d 275, 279 (Tex.Crim.App.1993). Only where this third category of rules is involved may the defendant forfeit his right by the failure to exercise it. *Id.* To determine if appellant waived the error, we must categorize the right to have the trial court order preparation of a written PSI report before imposition of sentence.

### Non–Waivable

■ The first category set out in *Marin* includes rights that are essentially independent of the litigants' wishes, such as the jurisdiction of the court and the application of the rules regarding due process and separation of powers. *Id.* In our view, the use of a PSI report is not one of these rights.

The right to a PSI report does not rise to the level of importance of the court's jurisdictional authority or to the constitutionally protected rights of due process and separation of powers. Therefore, a PSI report is not an absolute requirement.

### Waivable

■ The second category includes rights that are so fundamental to the proper functioning of our adjudicatory process that they cannot be forfeited by mere inaction. *Marin*, 851 S.W.2d at 279. If a defendant wants to relinquish one of these rights, he must do so expressly. *Id.* at 278–79. The rights to assistance of counsel and to a trial by jury fall in this category. *Id.* at 279; *see also Meek v. State*, 851 S.W.2d 868, 870 (Tex.Crim.App.1993) ("inviolate" right of trial by jury must be expressly waived); *Turner v. State*, 860 S.W.2d 147, 151 (Tex.App.—Austin 1993, pet. granted) (per curiam) (reading of the enhancement paragraphs in the charging instrument must be expressly waived). Although the legislature apparently deemed section 9 of article 42.12 to be important, it established no express waiver requirement.[9] Therefore, we conclude that the right to have a trial court order preparation of a PSI report before sentencing is not a right requiring an express waiver.

### Procedural Default

This third category of rights as outlined in *Marin* is subject to the Texas law of procedural default. *Marin*, 851 S.W.2d at 279. " '[P]rocedural default' . . . refer[s] to the loss of a claim or right for failure to insist upon it by objection, request, motion, or

---

3716, 3721–22 (current version at Tex.Code Crim. Proc.Ann. art. 42.12, § 8(a) (Vernon Supp.1994)).

**8.** Appellant is not without a remedy under the law. Appellant may petition the trial court for a PSI report before sentence is actually imposed. Logically, the trial court must retain the power and authority to order a PSI report during the probationary period because the discretion to act extends throughout this entire period. *Cf.* Act of May 28, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex.Gen.Laws 3498, 3504–05 (amended 1993) (current version at Tex.Code Crim.Proc.Ann. art. 42.12, § 11(a) (Vernon Supp.1994)) (trial court retains power and authority to modify

terms of probation throughout probationary period). Further, if the trial court determines that the information in the PSI report warrants a change in the terms and conditions of appellant's probation, the court is authorized to order the modification. *See id.*

**9.** In the amendments to article 42.12 effective September 1, 1993, the legislature still did not require an express waiver; however, the new article 42.12 does allow the defendant to request a PSI report in a felony case even if the court is not required to order one. *See* Tex.Code Crim. Proc.Ann. art. 42.12, § 9(g) (Vernon Supp.1994).

some other behavior calculated to exercise the right in a manner comprehensible to . . . the trial judge." *Id.* This category includes rules that are optional with each litigant, and *most* evidentiary and procedural rules in our system are of this type. *Id.* at 278. "To preserve error for appellate review, the complaining party must make a timely, specific objection. The objection must be made at the earliest possible opportunity. The complaining party must obtain an adverse ruling from the trial court. Finally, the point of error on appeal must correspond to the objection made at trial." *Turner v. State,* 805 S.W.2d 423, 431 (Tex.Crim.App.) (citations omitted), *cert. denied,* —— U.S. ——, 112 S.Ct. 202, 116 L.Ed.2d 162 (1991).

■ We hold that the article 42.12, section 9 right to have a trial court order preparation of a PSI report before sentencing falls within the third category as outlined in *Marin* and is, therefore, forfeitable by inaction.

■ When appellant failed to draw the trial court's attention to the lack of a PSI report after punishment was assessed but before sentencing, he waived his right to the use of the report and to complain of its nonexistence on appeal. We hold, therefore, that appellant failed to preserve his complaint for appellate review.

Assuming, *arguendo,* that error is preserved, we must decide whether it is error subject to a harmless error analysis and, if so, whether the error was harmful.

### Harmless Error

■ In *Sodipo,* the court of criminal appeals held that error in applying the mandatory statute at issue should not be assessed under the harmful error rule. *Sodipo,* 815 S.W.2d at 555. That court, however, specifically declined to hold that all mandatory statutes are immune to a harmful error analysis. *Id.* at 554. Instead, the court emphasized that in breaches of many procedural statutes the record will contain no concrete data from which an appellate court can

meaningfully gauge the likelihood that error did or did not contribute to the conviction or punishment of the accused. *Id.* (quoting *Roberts v. State,* 784 S.W.2d 430, 435 (Tex. Crim.App.1990)). In such situations, the breach cannot be subjected to a harm analysis and requires reversal. *See Sodipo,* 815 S.W.2d at 554. The record before us, however, *clearly* reveals concrete data from which an appellate court can meaningfully gauge or quantify the effect of the trial court's error. Therefore, we conclude that a harmless error analysis should be performed when a trial court places the defendant on probation, but errs in not ordering preparation of a written PSI report before imposition of sentence.

■ In determining whether a trial court's erroneous action constitutes reversible error, the reviewing court must focus on the error and determine whether, beyond a reasonable doubt, it contributed to the *conviction or punishment.* Tex.R.App.P. 81(b)(2); *Harris v. State,* 790 S.W.2d 568, 585 (Tex.Crim.App.1989). Section 9 of article 42.12 necessarily applies only after a verdict of guilty. *See, e.g.,* Tex.Code Crim.Proc. Ann. art. 42.12, §§ 3, 4(a) & 8(a) (Vernon Supp.1994).[10] Therefore, the trial court's failure to require a PSI report could not contribute to the conviction.

In *dicta,* the court of criminal appeals has said that probation is considered a form of punishment. *Angelle v. State,* 571 S.W.2d 301, 303 (Tex.Crim.App. [Panel Op.] 1978), *overruled by Jackson v. State,* 680 S.W.2d 809 (Tex.Crim.App.1984); *see also Nix v. United States,* 131 F.2d 857, 858 (5th Cir. 1942), *cert. denied,* 318 U.S. 771, 63 S.Ct. 761, 87 L.Ed. 1142 (1943); *Green v. State,* 706 S.W.2d 653, 656 n. 5 (Tex.Crim.App.1986) (citing *Angelle,* 571 S.W.2d at 303). We note that in article 42.12, however, the legislature uses the term "probation" as an event that might occur after "punishment." *See, e.g.,* Act of May.28, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex.Gen.Laws 3498, 3498–99 (amended 1993) (current version at Tex.Code Crim.Proc.Ann. art. 42.12, §§ 3 & 4(a) (Ver-

---

10. The 1993 amendments to article 42.12 did not affect the post-conviction applicability of the statute. *See, e.g.,* Act of May 28, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex.Gen.Laws 3498, 3498–99 (amended 1993); Act of May 18, 1991, 72nd Leg., R.S., ch. 343, § 1, 1991 Tex.Gen.Laws 1389, 1390 (amended 1993).

non Supp.1994)). "Punishment" may have a different meaning when used in the context of different portions of the code of criminal procedure. *Green,* 706 S.W.2d at 656 n. 5. Because it is not necessary to our harmless error analysis, we assume without deciding that probation under article 42.12 is "punishment" within the meaning of rule 81(b)(2) of the Texas Rules of Appellate Procedure.

■■■ We conclude that the record before us establishes, beyond a reasonable doubt, that the error made no contribution to appellant's punishment. First, appellant *expressly* waived any right to complain that the lack of a PSI report affected his punishment. Prior to a determination of punishment, the following colloquy occurred:

> THE COURT: All right. Either side wish a PSI [report] done or you wish to argue the punishment at this time? We will have a PSI [report] prior to *sentencing,* but if you want anything to benefit the Court prior to a *punishment* decision, we need to do it now.
>
> [DEFENSE COUNSEL]: Judge, defense has nothing further.

(Emphasis added). The State and defense counsel then argued the evidence on punishment. Defense counsel's statement was an express waiver of the PSI report for punishment purposes. Appellant's waiver precludes him from complaining of any harm due to the lack of a PSI report before assessment of *punishment* by the trial court.

Second, the purpose of a PSI report is "to determine what terms and conditions of probation are appropriate to the particular defendant ... as much as whether to allow probation in the first place[.]" *McDonald,* 676 S.W.2d at 378 (quoting with approval *Mason v. State,* 604 S.W.2d 83, 87–88 (Tex. Crim.App.1979) (Clinton, J., dissenting on mot. for reh'g)). The trial court, having previously determined that appellant should be placed on probation, could have used the PSI report *only* for determining the terms and conditions of probation. The court, however, already had before it the evidence necessary to determine such terms and conditions, including the restitution evidence. Defense counsel, in fact, was provided ample opportunity to present, and did present, evidence favorable to his claims of just offset to the NSF checks.

Appellant argues, however, that had an independent PSI report been prepared, that report might have supported appellant's version of the appropriate offset amount. Appellant's argument is pure speculation and without merit. The record does not reflect any new evidence that would have been forthcoming had a PSI report been ordered. Further, appellant's brief does not even allege any specific evidence that would have been uncovered to better inform the trial judge before she set the terms and conditions of probation.

■■■ Appellant points out that the probation order does not contain programs and sanctions that the community-supervision department could provide appellant during probation. Appellant argues, we assume, that this would have been corrected had a PSI report been ordered and reviewed. Again the argument is meritless. Appellant has a remedy for any modification of the terms and conditions of a probation order: At any time during the period of probation the trial court may alter or modify the conditions of probation. *See* TEX.CODE CRIM.PROC.ANN. art. 42.-12, § 11(a) (Vernon Supp.1994).[11]

■■■ Finally, the error was harmless because section 9 of article 42.12 only requires a court to "direct a probation officer to report to the court in writing." Nowhere does this statute require that the court consider the contents of this written PSI report or even that the court read it.[12]

We hold that the trial court's error in not ordering preparation of a PSI report after

---

11. The 1993 amendments to article 42.12 replaced the term "probation" with the term "community supervision." These amendments, however, did not affect the authority of the trial court to alter the conditions during the supervised period. *See* Act of May 28, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex.Gen.Laws 3498, 3504–05 (amended 1993).

12. Any argument that the legislature *must* have intended the court to consider the PSI report fails because a PSI report has uses other than assessing punishment. For example, under former section 9(g) of article 42.12, the PSI report had to be sent to a defendant's incarceration institution. *See* Act of August 25, 1991, 72nd Leg., 2d C.S., ch. 10, § 16.01, 1991 Tex.Gen.

placing appellant on probation was, beyond a reasonable doubt, harmless error. TEX. R.APP.P. 81(b)(2). Appellant has a remedy in the trial court by modification of the terms and conditions of his probation, if justice so requires. *See* TEX.CODE CRIM.PROC.ANN. art. 42.12, § 11(a) (Vernon Supp.1994).

### Summary

There is a presumption of regularity attending the proceedings in the trial court. Appellant has the burden on appeal of overcoming that presumption. We hold that appellant failed to overcome the presumption of regularity that the court ordered preparation of, a probation officer prepared, and the court reviewed a PSI report before the appellant's probation began. Alternatively, we hold that appellant forfeited his right to complain of the trial court's failure to order and review a PSI report by failing to timely bring his complaint to the trial court's attention. TEX.R.APP.P. 52(a). Further, if the trial court's failure to order preparation of a PSI report prior to sentencing was error, it was harmless beyond a reasonable doubt. TEX. R.APP.P. 81(b)(2). We overrule appellant's sole point of error.

We affirm the judgment of the trial court.

Laws 213, 213 (amended 1993). Additionally, the 1993 amendments to article 42.12 require a *post* sentence investigation report be filed in the trial court's papers if a PSI report is *not* required under article 42.12. TEX.CODE CRIM.PROC.ANN. art. 42.12, § 9(k) (Vernon Supp.1994). This postsentence report contains essentially the same information that a PSI report does. *Id.*