In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-030 CR


____________________



TRESTON LOGGINS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 356th District Court


Hardin County, Texas


Trial Cause No. 14171






O P I N I O N


 Treston Loggins pleaded no contest pursuant to a plea agreement to aggravated
sexual assault of a child. The trial court deferred adjudication of guilt and placed Loggins
under community supervision for ten years. Subsequently, the State moved to adjudicate
guilt. Loggins pleaded true to three counts of the State's motion. The trial court
proceeded to find Loggins guilty and sentenced him to twenty years' imprisonment in the
Texas Department of Criminal Justice, Institutional Division. Loggins filed a motion for
new trial which the trial court denied. Loggins appeals raising two points of error. 

 Loggins first contends the trial court's failure to have a pre-sentence investigation
report (PSI) prepared prior to placing appellant under community supervision is reversible
error. Next, Loggins claims the trial court abused its discretion in failing to hold an
evidentiary hearing on his motion for new trial alleging his original plea of nolo contendere
was involuntary. 

 A defendant placed on deferred adjudication is required to raise issues relating to
the original plea proceeding in an appeal taken when the deferred adjudication community
supervision is first imposed. See Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim.
App. 1999). Such issues can not be raised following revocation of the deferred
adjudication. Id. An exception to the general rule is a void judgment, which may be
attacked at any time. See Nix v. State, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001). 
Further, voluntariness of a plea subject to Tex. R. App. P. 25.2(b)(3) may not be raised
on appeal. See Cooper v. State, 45 S.W.3d 77, 83 (Tex. Crim. App.2001). 

 Loggins argues the failure to have a PSI prepared is an illegal act which renders the
judgment void. We disagree. The right to a PSI report does not rise to the level of
importance of the court's jurisdictional authority and therefore it is not an absolute
requirement. See Wright v. State, 873 S.W.2d 77, 82 (Tex. App.--Dallas 1994, pet.
ref'd). Furthermore, the trial court cannot violate Tex. Code Crim. Proc. Ann. art.
42.12, § 9(a) (Vernon Supp. 2002), by failing to order the preparation of a PSI report as
long as the defendant has not breached the terms of his community supervision. Id. at 81. 
Moreover, any right to have a PSI prepared prior to sentencing in a felony case is a right
forfeitable by inaction. See Holloman v. State, 942 S.W.2d 773, 776 (Tex. App.--
Beaumont 1997, no pet.). Loggins does not assert he ever objected to the trial court's
failure to have a PSI prepared or ever brought it to the trial court's attention. Accordingly,
the error, if any, was waived. See Tex. R. App. P. 33.1. 

 For all of the above reasons, we dismiss the appeal for want of jurisdiction.

 APPEAL DISMISSED.

 PER CURIAM


Submitted on May 16, 2002 

Opinion Delivered May 22, 2002

Do not publish 


Before Walker, C.J., Burgess, and Gaultney, JJ.