# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00214-CR

**Steven William Hough, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 7, TRAVIS COUNTY
### NO. 614382, HONORABLE ELISABETH A. EARLE, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Steven William Hough appeals his conviction of driving while intoxicated. *See* Tex. Pen. Code Ann. § 49.04 (West 2003). He argues that the county court at law, in a bench trial below, erred by: (1) failing to order a pre-sentence investigation report before assessing punishment; (2) refusing to allow appellant to testify about his medical condition, based on his own experiences; and (3) vindictively sentencing appellant to jail for refusing to accept the plea-bargain offer made by the State. We affirm the judgment of the trial court.

### BACKGROUND

Appellant was stopped by Pflugerville police officer David Jester for failing to signal a turn at about 2:30 in the morning on June 15, 2002. After approaching the vehicle, Jester noticed a strong odor of alcoholic beverages coming from inside the truck. When appellant stepped out of

the vehicle, Jester smelled the same strong odor of alcohol coming from appellant and noticed appellant's red, glazed eyes and slurred speech. Appellant's manner was aggressive, and he made threats toward the police officer. Due to the odor of alcohol and appellant's demeanor and appearance, Jester asked appellant to perform a field sobriety test. Appellant failed the field sobriety test and was arrested by Officer Jester. A search of appellant's car later revealed several bottles of prescription medication, such as Tylenol 3 and hydrocodone. In a bench trial, appellant was convicted of driving while intoxicated and sentenced to 90 days in jail.

## DISCUSSION

In his first point of error, appellant argues that the trial court failed to order a pre-sentence investigation (PSI) report, justifying a reversal by this court. *See* Tex. Code Crim. Proc. art. 42.12 §§ 9(a), (b), (h) (West Supp. 2004). The code of criminal procedure states in pertinent part:

(a) [B]efore the imposition of sentence by a judge in a misdemeanor case the judge shall direct a supervision officer to report to the judge in writing on the circumstances of the offense with which the defendant is charged, the amount of restitution necessary to adequately compensate a victim of the offense, the criminal and social history of the defendant, and any other information relating to the defendant or the offense requested by the judge.

(b) The judge is not required to direct a supervision officer to prepare a report in a misdemeanor case if:

(1) the defendant requests that a report not be made and the judge agrees to the request; or

(2) the judge finds that there is sufficient information in the record to permit the meaningful exercise of sentencing discretion and the judge explains this finding on the record.

2

\* \* \* \*

(h) On a determination by the judge that alcohol or drug abuse may have contributed to the offense. . .the judge shall direct a supervision officer approved by the community supervision and corrections department or the judge or a person, program, or other agency approved by the Texas Commission on Alcohol and Drug Abuse, to conduct an evaluation to determine the appropriateness of, and a course of conduct necessary for, alcohol or drug rehabilitation for a defendant and to report that evaluation to the judge.  The evaluation shall be made. . .(2) after conviction and before sentencing, if the judge assesses punishment in the case.

*Id.* §§ 9(a), (b), and (h).

Appellant is correct in stating that the provisions of section 9(a) and (h) are mandatory. *See Wright v. State*, 873 S.W.2d 77, 80 (Tex. App.—Dallas 1994, pet. ref'd).  However, the right to have a trial court order the preparation of a PSI report is subject to the Texas law of procedural default and is, therefore, forfeitable by inaction. *Id*. at 83.  Appellant failed to object to the court's failure to prepare a PSI report or request that the court do so and therefore waived his right to the use of the report or to complain of its non-existence on appeal. *See id*. at 83; *Holloman v. State*, 942 S.W.2d 775, 776 (Tex. App.—Beaumont 1997, no pet.); *Matthews v. State*, 803 S.W.2d 347, 350 (Tex. App.—Houston [14th Dist.] 1990, no pet.).  Therefore, he failed to preserve his complaint for review.  We overrule his first issue.

In his second issue, appellant argues that the trial court incorrectly refused to allow him to testify about his medical condition.  Defense counsel asked appellant during direct examination, "Do you have a problem with blood sugar?"  The State objected to the question, and the trial court sustained the objection.  When a trial court excludes evidence, the proponent must

3

preserve the evidence in the record in order to complain on appeal of its exclusion. Tex. R. Evid. 103 (a)(2); *Roise v. State*, 7 S.W.3d 225, 240 (Tex. App.—Austin 1999, pet. ref'd); *Porter v. Nemir*, 900 S.W.2d 376, 383 (Tex. App.—Austin 1995, no pet.). Appellant made no offer of proof and therefore waived any complaint about the exclusion on appeal. *Id.* We overrule appellant's second issue.

In his final issue, appellant argues that the trial court's sentence of ninety days in jail amounts to both prosecutorial and judicial vindictiveness. *See Blackledge v. Perry*, 417 U.S. 21, 25-29 (1974). Appellant claims that the trial court's imposition of a jail sentence when the State had made a pretrial recommendation of probation was retaliation for exercising his right to a trial. Before trial, the State's recommendation had been 120 days confinement and a $2,000 fine, probated for eighteen months, with suspension of appellant's driver's license for one year and three days in jail as a condition of probation. During the trial, the judge called a short recess and met with both attorneys regarding the terms of the plea bargain. After the meeting, the judge called appellant to the bench, explained the terms of the plea-bargain offer, and asked appellant if he would accept the deal. Appellant refused the plea-bargain offer. After the trial, the prosecution recommended 120 days in jail, a $500 fine, and court costs. The trial court sentenced appellant to ninety days in jail plus court costs.

The imposition of a penalty upon a defendant for having successfully pursued a statutory right of appeal or collateral remedy would be a violation of due process of law. *Blackledge*, 417 U.S. at 25. However, this case does not involve a successful appeal and reconviction. *See id.* Instead, appellant declined to accept a plea offer by the State. When the State offers a plea bargain

4

and the defendant refuses the offer, the State is not bound by the refused offer.  *Irving v. State*, 475 S.W.2d 777, 778 (Tex. Crim. App. 1972).  Additionally, we note that the maximum punishment for a first-time offense of driving while intoxicated, a Class B misdemeanor, is a $2,000 fine and 180 days in jail.  Tex. Pen. Code Ann. §§ 12.22, 49.04 (West 2003).  Appellant's sentence of ninety days in jail was well below the maximum sentence available to the trial court.  Furthermore, the State cited appellant's threats to the arresting officer and his consumption of hydrocodone, a prescription narcotic, and alcohol on the night of his arrest as aggravating factors which merited a ninety-day sentence.  Contrary to appellant's claims, the trial court imposed its sentence within the boundaries established by statute and, at the same time, attempted to ensure that he receive drug and alcohol counseling.  Appellant's claim of prosecutorial and judicial misconduct is without merit.  We overrule appellant's final issue.

## CONCLUSION

Because we overrule all of appellant's issues, we affirm the judgment of conviction.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed:   January 8, 2004

Do Not Publish

5