11th Court of Appeals
Eastland, Texas
Opinion
 
Franklin David Medlin
            Appellant
Vs. Nos. 11-03-00111-CR, 11-03-00112-CR, & 11-03-00113-CR -- Appeals from Dallas County
State of Texas
            Appellee
 
            In each case, Franklin David Medlin entered an open plea of guilty to the offense of
aggravated assault with a deadly weapon -- a motor vehicle -- as charged in each indictment. The
trial court convicted appellant of these offenses and assessed punishment in each case at confinement
for 10 years. We affirm. 
            Appellant presents two points of error on appeal. In the first point, he contends that the trial
court erred in failing to order an alcohol and drug evaluation as required by TEX. CODE CRIM.
PRO. ANN. art. 42.12, § 9(h) (Vernon Supp. 2004). Article 42.12, section 9(h) requires that, upon
determination that alcohol or drug abuse may have contributed to the commission of the offense, a
trial court shall order an evaluation to determine the appropriateness of alcohol and drug
rehabilitation.


 Because appellant did not bring this matter to the attention of the trial court, it was
not preserved for appellate review. TEX.R.APP.P. 33.1(a); see Alberto v. State, 100 S.W.3d 528,
529 (Tex.App. - Texarkana 2003, no pet’n); see also Wright v. State, 873 S.W.2d 77, 83 (Tex.App. -
Dallas 1994, pet’n ref’d). 
            Moreover, any error in the failure of the trial court to order an alcohol and drug evaluation was
harmless. See TEX.R.APP.P. 44.2(b). The trial court ordered a presentence investigation (PSI) report
to be prepared. Before the State rested in the punishment phase of trial, the prosecutor asked the trial
court to take judicial notice of the PSI report. That report reflected that a “Substance Abuse
screening/evaluation (SASSI, ASI, etc.)” was not performed. The PSI report does, however, reflect
that the community supervision officer considered appellant’s marihuana and alcohol use in the past
and while on bond for the present offenses, the fact that appellant had attended some drug education
classes as a juvenile, appellant’s background, appellant’s reckless driving history, and the
circumstances surrounding the wreck. The community supervision officer recommended that
appellant be sentenced to a term of incarceration rather than community supervision and that appellant
receive drug and alcohol treatment while in prison. Furthermore, the record shows that the trial court
conducted a full hearing on the issue of punishment. Several witnesses testified for the State. 
Appellant called four witnesses to testify on his behalf; the trial court did not prevent appellant from
calling any witnesses. Under these circumstances, we cannot hold that the failure of the trial court
to order an alcohol and drug evaluation affected appellant’s substantial rights. See Rule 44.2(b);
Yarbrough v. State, 57 S.W.3d 611, 619 (Tex.App. - Texarkana 2001, pet’n ref’d). Appellant’s first
point of error is overruled. 
            In his second point of error, appellant contends that he was denied the effective assistance of
counsel at the punishment phase of trial. Appellant specifically complains that trial counsel failed
to object to the lack of an alcohol and drug evaluation, failed to demonstrate an understanding of the
law regarding the use of prior juvenile adjudications, failed to object to testimony regarding the
victims’ desires as to appellant’s punishment, and referred to appellant as “stupid” and “hard-headed”
in closing argument. 
            In order to determine whether appellant’s trial counsel rendered ineffective assistance at trial,
we must first determine whether appellant has shown that counsel’s representation fell below an
objective standard of reasonableness and, if so, then determine whether there is a reasonable
probability that the result would have been different but for counsel’s errors. Strickland v.
Washington, 466 U.S. 668 (1984); Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App.1999). In order
to assess counsel’s performance, we must make every effort to eliminate the distorting effects of
hindsight, to reconstruct the circumstances, and to evaluate the conduct from counsel’s perspective
at the time. We must indulge a strong presumption that counsel’s conduct fell within the wide range
of reasonable professional assistance; and appellant must overcome the presumption that, under the
circumstances, the challenged action might be considered sound trial strategy. Stafford v. State, 813
S.W.2d 503, 508-09 (Tex.Cr.App.1991). 
            Appellant has not shown that trial counsel’s failure to object to the lack of an alcohol and drug
evaluation constituted ineffective assistance. Appellant’s alcohol and substance abuse was considered
by the community supervision officer, and he recommended drug and alcohol treatment. Nothing in
the record suggests that the result of the proceeding would have been different if trial counsel had
objected to the failure of the trial court to order an alcohol and drug evaluation. 
            Furthermore, with respect to appellant’s juvenile record, trial counsel was not ineffective. The
record shows that trial counsel objected to the inclusion of appellant’s juvenile record in the PSI
report because, “in 1994, at the time, State law did not allow for that to be used and those records
were sealed at the time.” Trial counsel asked the trial court to disregard any reference to the juvenile
records in the PSI report. The trial court responded: “All right. All right. With that understanding,
you may be seated.” Appellant’s juvenile record included misdemeanors for which confinement was
a possible punishment. Under the current version of TEX. CODE CRIM. PRO. ANN. art. 37.07, §
3(a) (Vernon Supp. 2004), appellant’s juvenile adjudications for such offenses would be admissible. 
However, trial counsel was correct in that, under previous versions of that article, these juvenile
adjudications would not have been admissible. See Murphy v. State, 860 S.W.2d 639, 643-44
(Tex.App. - Fort Worth 1993, no pet’n); In the Matter of O.L., 834 S.W.2d 415, 420 (Tex.App. -
Corpus Christi 1992, no writ). Although the current version was applicable in this case, we cannot
hold that trial counsel was ineffective for requesting that the trial court disregard appellant’s juvenile
adjudications. It appears that the trial court may well have disregarded appellant’s juvenile record. 
With respect to this issue, appellant asserts that, but for trial counsel’s misunderstanding of the law,
appellant would not have entered an open plea of guilty. There is nothing in the record to support
such a proposition. 
            Next, two of the victims and two of the victims’ fathers testified at the punishment hearing. 
All four said that they would like to see the trial court sentence appellant to some time in prison. We
cannot hold that trial counsel’s failure to object to these sentencing requests constituted ineffective
assistance. Such sentencing recommendations could properly have been included in the PSI report
and, thus, were appropriate for the trial court to consider. Fryer v. State, 68 S.W.3d 628, 633
(Tex.Cr.App.2002). 
            Finally, we also disagree with appellant’s contention that trial counsel was ineffective for
referring to appellant as “stupid” and “hard-headed.” The record shows that, during his closing
argument to the court, trial counsel stated: 
Judge, he -- he’s admitted his guilt. He’s been straightforward. He’s -- he’s
a hard-working blue-collar kid. He’s stupid. He’s hard-headed. Well, I don’t know
if he’s stupid or not, but he’s shown bad judgment. But he’s not stupid, but he’s hard-headed. 
Trial counsel was not ineffective for admitting fault, bad judgment, or obstinacy on the part of
appellant. There was evidence before the trial court that appellant violated the conditions of his bond
by driving, by having positive alcohol results show up on the Guardian Interlock system on his
vehicle, and by smoking marihuana. Trial counsel’s argument acknowledged appellant’s faults and
requested mercy. We cannot hold that such an argument does not constitute sound trial strategy. 
Because appellant has not shown that trial counsel’s performance fell below an objective standard of
reasonableness or that the result of the proceeding would have been different but for counsel’s errors,
we must overrule appellant’s second point of error. 
            The judgments of the trial court are affirmed. 
 
                                                                                                PER CURIAM
 
April 8, 2004 
Do not publish. See TEX.R.APP.P. 47.2(b). 
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.