Opinion issued May 27, 2004







     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00799-CR




ANGEL MELCHOR, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 934736 




MEMORANDUM OPINION
          Appellant, Angel Melchor, pled guilty to burglary of a habitation without an
agreed recommendation. Following the completion of a pre-sentence investigation
(PSI) report, the trial court conducted a sentencing hearing. At the conclusion of the
hearing, the trial court found appellant guilty and sentenced appellant to five years
in prison. 
          In his sole issue, appellant argues that the trial court erred in sentencing him
without ordering appellant to be evaluated for drug or alcohol rehabilitation pursuant
to Code of Criminal Procedure article 42.12, section 9(h). The statute provides that,
“on determination by the judge that alcohol or drug abuse may have contributed to
the commission of the offense,” the judge “shall” direct the preparation of an
evaluation to determine the appropriateness of rehabilitation for the defendant. Tex.
Code Crim. Proc. Ann. art. 42.12, § 9(h) (Vernon Supp. 2004). If the judge assesses
punishment in the case, then the evaluation should be made after conviction and
before sentencing. Id. art. 42.12, § 9(h)(2).
          Appellant contends that the trial court erred when it failed to order a section
9(h) evaluation before sentencing because the PSI report indicates that appellant
admitted that he was under the influence of drugs during the commission of the
burglary offense, had recently smoked marijuana, and “has a substance abuse problem
and is in need of treatment.” Appellant also points out that, at the punishment
hearing, the trial judge made reference to appellant’s substance abuse. At the hearing,
the judge asked appellant why he had smoked marijuana two or three weeks before
the hearing. And, when appellant testified that he did not “have any need” for
marijuana, the trial judge remarked that appellant apparently had a need for marijuana
when he committed the burglary offense because “you were out smoking marijuana
with your friends at the time.” The judge then referred to appellant’s substance abuse
as a “continuing pattern.” 
          As mentioned, article 42.12, section 9(h) requires a trial judge to order a
substance abuse evaluation after making a “determination . . . that alcohol or drug
abuse may have contributed to the commission of the offense.” Tex. Code Crim.
Proc. Ann. art. 42.12, § 9(h)(2). Despite reference to appellant’s substance abuse,
the judge in this case never made such a determination. The statute does not specify
whether this determination is to be made sua sponte by the judge, or whether the
defendant must request such a finding in order to trigger the evaluation requirement. 
See id.
          Regardless of which is the correct interpretation, we need not address that issue
because the contention appellant now raises on appeal was not raised in the trial
court. A timely objection or request is a prerequisite to presenting a matter for
appellate review. See Tex. R. App. P. 33.1(a). The record shows that appellant failed
to object or otherwise bring to the trial court’s attention his complaint that the judge
failed to order a section 9(h) substance abuse evaluation.


 Consequently, appellant
failed to preserve error, if any, as to this issue for our review. Alberto v. State, 100
S.W.3d 528, 529 (Tex. App.—Texarkana 2003, no pet.) (holding that party must
assert his or her right to a substance abuse evaluation in the trial court or it is
waived); see also Holloman v. State, 942 S.W.2d 773, 776-77 (Tex. App.—Beaumont
1997, no pet.) (concluding that appellant failed to preserve his complaint when
appellant failed to draw trial court’s attention to court’s failure to order article 42.12,
section 9(i) psychological evaluation before sentencing); Wright v. State, 873 S.W.2d
77, 83 (Tex. App.—Dallas 1994, pet. ref’d) (holding that article 42.12, section 9 right
to have trial court order preparation of PSI report before sentencing is forfeitable by
inaction).
 

          We overrule appellant’s sole point of error and affirm the judgment of the trial
court.




                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Taft, Hanks, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).