COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| JOE M. GARZA, | | No. 08-09-00033-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | Criminal District Court No. 3 |
| | § | |
| THE STATE OF TEXAS, | | of Dallas County, Texas |
| | § | |
| Appellee. | | (TC # F-0042583-KJ) |
| | § | |

## O P I N I O N

Joe M. Garza pled guilty to driving while intoxicated and the court assessed a ten-year prison sentence. Garza brings one issue for review relating to the pre-sentence report. For the reasons that follow, we affirm.

### FACTUAL BACKGROUND

Appellant waived trial by jury and pled guilty to having driven a motor vehicle while intoxicated on September 11, 2000. He admitted to having two previous convictions for offenses related to the operating of a motor vehicle while intoxicated, making the offense a third degree felony under former Section 49.09(b) of the Penal Code. Act of May 31, 1999, 76th Leg., R.S., ch. 1364 § 12, 1999 TEX.GEN.LAWS 4610 (amended 2005)(current version at TEX.PEN.CODE ANN. § 49.09(b)(2)(Vernon Supp. 2009)). The proceedings were initially suspended to enable preparation of a pre-sentence investigation report concerning the circumstances of the offense and Appellant's criminal and social history. TEX.CODE CRIM.PROC.ANN. art. 42.12, § 9(a)(Vernon Supp. 2009).

The trial court afforded the parties the opportunity to present additional evidence relevant to sentencing. It then assessed Appellant's punishment at ten years' confinement in prison and a fine

of $1,000. Appellant retained new counsel, and filed a motion for new trial alleging his plea was not voluntary because he was betrayed by trial counsel. A hearing on the motion was scheduled--but not conducted--and the motion was overruled by operation of law. Meanwhile, Appellant obtained his release from custody. Subsequently, the bail bond was determined to be improper and was revoked. Appellant was re-arrested and began serving his sentence. On October 15, 2008, the Court of Criminal Appeals entered an order permitting Appellant to perfect an out-of-time appeal.

## PRE-SENTENCE REPORT

In his sole issue for review, Appellant complains that the trial court erred in failing to allow him or his attorney the opportunity to object to the pre-sentence report. He emphasizes that at the beginning of the sentencing hearing, the trial court immediately began taking testimony from witnesses. Appellant contends that Article 42.12, § 9(d) of the Texas Code of Criminal Procedure provides that before sentencing, the judge shall permit the defendant and his counsel to read the pre-sentence report and give them an opportunity to object to any inaccurate information.

At the beginning of the sentencing hearing in July 2001, the court asked, "Does the State have anything they wish to offer other than the presentence report?" The prosecutor did not, and rested. Defense counsel did not object at that time, and proceeded to call Appellant to the stand.

The record does not reflect any inquiry by the court as to whether Appellant or his counsel had reviewed the pre-sentence investigation report. Appellant interprets this to mean he was effectively denied the right to read the report prior to sentencing and to comment on its contents or point out any factual inaccuracies as afforded by former Article 42.12, § 9(d) of the Code of Criminal Procedure (Act of May 29, 1989, 71st leg. R.S., ch. 785 § 4.17, 1989 TEX.GEN.LAWS 3503 (amended 2005)) and TEX.CODE CRIM.PROC.ANN. art. 42.12, § 9(e). We disagree.

The Dallas Court of Appeals has determined that a right granted to a defendant by Article

42.12, § 9 is forfeitable by inaction. *Wright v. State*, 873 S.W.2d 77, 83 (Tex.App.--Dallas 1994, pet. ref'd) and *Campbell v. State*, 1994 WL 679272 (Tex.App.--Dallas 1994, no pet.)(not designated for publication). Moreover, objections to the contents of a pre-sentence report cannot be raised for the first time upon appeal. *Gerhardt v. State*, 935 S.W.2d 192, 196 (Tex.App.--Beaumont 1996, no pet.). Appellant did not ask to read or comment on the report. He did not object to the trial court's purported failure to allow him to do so, nor did he raise the issue in his motion for new trial. Accordingly, Appellant has failed to preserve his complaint for appellate review. *See* TEX.R.APP.P. 52(a); *Wright*, 873 S.W.2d at 83. We overrule his sole point and affirm the judgment of the trial court below.

March 17, 2010

                                                              _____
ANN CRAWFORD McCLURE, Justice

Before McClure, J., Rivera, J., and Chew, Judge
Chew, Judge, sitting by assignment

(Do Not Publish)