TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-09-00643-CR




Ira Joe Mitchell, Appellant

v.

The State of Texas, Appellee




FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT
NO. 09-689-K277, HONORABLE KEN ANDERSON, JUDGE PRESIDING


 
M E M O R A N D U M O P I N I O N

                        Appellant Ira Joe Mitchell pleaded guilty to aggravated assault with a deadly weapon,
and the trial court assessed punishment at eighteen years’ imprisonment. See Tex. Penal Code
Ann. § 22.02 (West Supp. 2010). Mitchell’s court-appointed counsel has filed a motion to withdraw,
supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the
requirements of Anders v. California, 386 U.S. 738 (1967), by presenting a professional evaluation
of the record demonstrating why there are no arguable grounds to be advanced. See also Penson v.
Ohio, 488 U.S. 75 (1988); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State,
516 S.W.2d 684 (Tex. Crim. App. 1974); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972);
Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). 
                        After receiving a copy of the appellate record and counsel’s brief, Mitchell filed a pro
se response asserting three points of error. We will describe Mitchell’s contentions and briefly
explain why each lacks arguable merit. See Garner v. State, 300 S.W.3d 763, 767 (Tex. Crim. App.
2009); Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). 
                        First, Mitchell argues that the trial court erred in admitting an illegally obtained audio
recording into evidence. See Tex. Code Crim. Proc. Ann. art. 38.23(a) (West 2005) (illegally
obtained evidence is inadmissible in criminal proceedings). This issue has not been preserved for
appellate review, as the recording was offered and admitted into evidence without objection. See
Tex. R. App. P. 33.1 (complaint must be presented to trial court to preserve error for appellate
review). Even if error had been preserved, however, the audio recording complained of here
involved a telephone conversation between Mitchell and the victim in this case, recorded by law
enforcement after the victim agreed to participate in a controlled call to assist the investigation. An
intercepted oral communication does not violate state or federal law if one of the parties to the
communication consents to the interception.


 See 18 U.S.C. § 2511(2)(c) (2006); Tex. Penal Code
Ann. § 16.02(c)(3)(A) (West Supp. 2010); Tex. Code Crim. Proc. Ann. art. 18.20, § 18 (West Supp.
2010). Because Mitchell’s conversation with the victim was intercepted with the victim’s consent,
the recording was legally obtained and the trial court did not abuse its discretion in admitting it
into evidence.
                        In his second issue, Mitchell contends that he received ineffective assistance of
counsel. This contention is primarily based on Mitchell’s claim that his attorney incorrectly
informed him that if he pleaded guilty, the trial judge could consider deferred adjudication. Mitchell
takes the position that this erroneous advice rendered his guilty plea involuntary. Mitchell’s
argument fails, however, because the advice given to him by counsel was correct. Aggravated
assault with a deadly weapon is an article 42.12, section 3g offense. See Tex. Code Crim. Proc. Ann.
art. 42.12, § 3g(a)(2) (West Supp. 2010). As a result, the trial judge was prohibited from ordering
regular community supervision, but could order deferred adjudication if Mitchell entered a plea of
guilty or nolo contendere. See id. art. 42.12, §§ 3, 5(a). While the judge in this case ultimately chose
not to order deferred adjudication, the fact remains that because Mitchell pleaded guilty, deferred
adjudication was an available punishment option for the judge to consider. Thus, counsel did not
erroneously advise Mitchell as to the availability of judge-ordered deferred adjudication. 
                        Mitchell also contends that his counsel was ineffective in failing to object to the
admission of the audio recording into evidence. As previously discussed, the audio recording
was admissible and therefore counsel cannot be considered ineffective for failing to object. See
Muniz v. State, 851 S.W.2d 238, 258 (Tex. Crim. App. 1993) (stating that failure to object to
admissible evidence is not ineffective assistance of counsel). 
                        Having reviewed the appellate record, we find nothing to overcome the strong
presumption that counsel’s conduct fell within the wide range of reasonable professional assistance. 
See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Mitchell’s claim of ineffective
assistance of counsel is without arguable merit.
                        In a third issue, Mitchell argues that he was denied due process because the trial court
failed to review the presentence investigation (“PSI”) report or to inquire about a victim impact
statement. No PSI report or victim impact statement appears in the record, although the judgment
of conviction indicates that a PSI report was prepared. The PSI report was also discussed at the
punishment hearing, as the trial court stated, “I ordered a presentence report to be prepared. The
report has now been completed. Do either of you have any objections to it?” Defense counsel
responded that he had reviewed the PSI report and had no objections. The trial court then gave
defense counsel time to go over the report with Mitchell, and shortly thereafter, defense counsel
stated that Mitchell had no objections. While Mitchell briefly mentioned the contents of the PSI
report during his testimony, it was not otherwise discussed on the record at the punishment hearing. 
It is therefore unclear from the record before us whether the trial court ever reviewed the PSI report. 
However, Mitchell never objected to the trial court’s failure, if any, to review the report, nor did he
object to the trial court’s failure to inquire about any victim impact statement. As a result, these
complaints have not been preserved for appellate review. See Tex. R. App. P. 33.1. 
                        Even if error had been preserved, where the record does not affirmatively reflect that
the trial court failed to review the PSI report, the presumption of regularity requires us to presume
that the PSI was reviewed. See Wright v. State, 873 S.W.2d 77, 80 (Tex. App.—Dallas 1994, pet.
ref’d) (“There is nothing in the record before us that refutes the presumption that the
court . . . reviewed a PSI report.”). As for Mitchell’s argument that the trial court failed to inquire
about a victim impact statement, the code of criminal procedure expressly states that failure to
inquire about a victim impact statement “is not grounds for the defendant to set aside the conviction,
sentence, or plea.” Tex. Code Crim. Proc. Ann. art. 26.13(f) (West Supp. 2010). In light of the
foregoing, Mitchell’s due process complaint is without arguable merit.
                        Our review of the record has revealed no reversible error. See Garner, 300 S.W.3d
at 766; Bledsoe, 178 S.W.3d at 826-27. The issues raised in Mitchell’s pro se response have no
arguable merit, for the reasons discussed above. As a result, we agree with counsel that the appeal
is frivolous. Counsel’s motion to withdraw is granted.
                        The judgment of conviction is affirmed.
 
 
                                                                        __________________________________________
                                                                        Diane M. Henson, Justice
Before Justices Patterson, Puryear and Henson
Affirmed
Filed: December 8, 2010
Do Not Publish