**AFFIRM; and Opinion Filed July 28, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-14-00384-CR
No. 05-14-00385-CR
No. 05-14-00386-CR

**CESAR BENITEZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F13-54265-M, F13-55077-M, and F14-00035-M**

## MEMORANDUM OPINION
Before Justices Fillmore, Myers, and Evans
Opinion by Justice Fillmore

Appellant Cesar Benitez entered an open plea of guilty to one charge of aggravated sexual assault with a deadly weapon and two charges of burglary of a habitation with intent to commit sexual assault. The trial court found appellant guilty of all three charges, made an affirmative finding of a deadly weapon in the sexual assault case, and assessed appellant's punishment at eighty-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant raises a single issue in each of the three cases, contending he was denied due process because he did not receive or review the presentence investigation report prepared at the trial court's direction. We affirm the trial court's judgments.

Appellant was originally charged with four offenses; he reached a plea agreement with the State on the eve of trial. His attorney informed the trial court of the parties' agreement,

explaining the State would dismiss one charge and appellant would plead guilty to the remaining three charges. He stated,

> Defendant has elected to enter a plea of guilty to those charges. He has filed an application for probation in this case. We lock the plea in today, and set for a presentence investigation and come back later for sentencing.

The trial court admonished appellant, and he entered his plea. The State offered appellant's judicial confessions in the three cases, and appellant testified that the plea agreement was what he wanted. He agreed with his attorney that "with [the] consent of the State, we have combined all of [the charges] and we are going to do a presentence investigation and come back to the Court for sentencing."

As appellant's punishment hearing began, the trial court stated, "I have before me a presentence report. Does the Defense have any objection . . . to the Court viewing this?" Appellant's counsel replied, "No, Your Honor." The State offered testimony from the three complainants in the charged cases and from witnesses who testified without objection to other offenses by appellant. Appellant testified, asserting that he had committed these offenses as a result of the steroids to which he had become addicted.

The presentence investigation report was not offered into evidence, but both sides referred specifically to the report in their closing arguments. Appellant's counsel stated:

> Your Honor, the defendant has filed an application for probation in each one of these cases. And pursuant to that, the Court ordered the probation department to go over and eval [sic]. In the report that the probation department submitted back to the Court, it lists a number of things that are available to the Court to help treat people such as Mr. Benitez. And we do believe that he would benefit and society would benefit from him undertaking those classes and other various things that the probation department has for people such as Mr. Benitez.

The prosecutor stated that appellant testified the complainants consented to sex "and told as much to the probation department in his PSI, because he didn't threaten to kill them."

The code of criminal procedure requires that, before imposing sentence in a felony case,

the judge shall direct a supervision officer to report to the judge in writing on the circumstances of the offense with which the defendant is charged, the amount of restitution necessary to adequately compensate a victim of the offense, the criminal and social history of the defendant, and any other information relating to the defendant or the offense requested by the judge. It is not necessary that the report contain a sentencing recommendation, but the report must contain a proposed client supervision plan describing programs and sanctions that the community supervision and corrections department would provide the defendant if the judge suspended the imposition of the sentence or granted deferred adjudication

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 9(a) (West Supp. 2014). The judge must permit the defendant or his counsel to read the presentence report at least forty-eight hours before sentencing. *Id*. § 9(d).

In this Court, appellant asserts the record does not establish he was ever apprised of the contents of the presentence report. He argues that his own account to the probation officers was used by the State in cross examining him and that it is possible favorable portions of the report were not disclosed to him or developed at the hearing. Our review of appellant's complaint turns on interpretation of the above-referenced portions of article 42.12. Statutory interpretation is a question of law, which we review de novo. *Tha Dang Nguyen v. State*, 359 S.W.3d 636, 641 (Tex. Crim. App. 2012).

At the threshold, the State contends appellant did not preserve any complaint related to the presentence investigation report. This Court has held that complaints involving a presentencing investigation report are forfeitable by inaction. *See Wright v. State*, 873 S.W.2d 77, 83 (Tex. App.—Dallas 1994, pet. ref'd). Here, appellant did not object to the trial court's purported failure to make the report available to him, even when the judge opened the hearing with a reference to that report. Appellant did not, at any point, request to review the report. Nor did he raise this issue in his motions for new trial. We conclude appellant has not preserved this issue for our review. *See id.* (appellant who failed to draw trial court's attention to lack of PSI

–3–

report before sentencing waived his right to use report and to complain of its non-existence on appeal).

However, even if appellant had preserved his complaint, we would conclude he has failed to identify any error by the trial court. Appellant asserts the record does not show he was apprised of the contents of the report. But our review of the record uncovers no indication he was *not* apprised of the contents of the report. The record is simply silent on this matter. In the absence of a showing to the contrary, there is a presumption of regularity attending the proceedings in the trial court, and the burden is on appellant to overcome that presumption. *Wright*, 873 S.W.2d at 80. "Where procedural requirements do not affirmatively appear in the record to have been violated, a presumption of regularity of the trial judge's ruling must prevail." *Jones v. State*, 646 S.W.2d 449, 449 (Tex. Crim. App. 1983). Appellant has failed to rebut this presumption of regularity.

Moreover, the statute requires only that the trial court "shall permit the defendant *or* his counsel to read the presentence report." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 9(d) (emphasis added). Appellant's counsel opened his argument with a specific reference to the report and its list of "a number of things that are available to the Court to help treat people such as Mr. Benitez." Without question, then, appellant's counsel had reviewed the report. His review satisfied the statutory mandate. *See id.*; *see also Torrance v. State*, 59 S.W.3d 275, 277 (Tex. App.—Fort Worth 2001, pet. ref'd) (when counsel reviewed report, trial court satisfied requirements of article 42.12, § 9).[1] Because the trial court complied with the statute concerning disclosure of the report to appellant or his counsel, we reject appellant's complaints concerning the use of the report at the punishment hearing.

---

[1] *See also Simek v. State*, No. 03-12-00103-CR, 2012 WL 3629542, at *7 (Tex. App.—Austin Aug. 22, 2012, no pet.) (mem. op., not designated for publication) (to extent appellant complained about inability to review presentence report or discuss it with his counsel prior to sentencing, argument was waived because not raised by timely objection; even if preserved, "this complaint would be frivolous").

We overrule appellant's single issue in each case.  We affirm the trial court's judgments.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

140384F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CESAR BENITEZ, Appellant

No. 05-14-00384-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F13-54265-M.
Opinion delivered by Justice Fillmore.
Justices Myers and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 28th day of July, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CESAR BENITEZ, Appellant

No. 05-14-00385-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F13-55077-M.
Opinion delivered by Justice Fillmore.
Justices Myers and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 28th day of July, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CESAR BENITEZ, Appellant

No. 05-14-00386-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F14-00035-M.
Opinion delivered by Justice Fillmore.
Justices Myers and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 28th day of July, 2015.