# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00643-CR

**Ira Joe Mitchell, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT NO. 09-689-K277, HONORABLE KEN ANDERSON, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Ira Joe Mitchell pleaded guilty to aggravated assault with a deadly weapon, and the trial court assessed punishment at eighteen years' imprisonment. *See* Tex. Penal Code Ann. § 22.02 (West Supp. 2010). Mitchell's court-appointed counsel has filed a motion to withdraw, supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).

After receiving a copy of the appellate record and counsel's brief, Mitchell filed a pro se response asserting three points of error. We will describe Mitchell's contentions and briefly

explain why each lacks arguable merit. *See Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009); *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

First, Mitchell argues that the trial court erred in admitting an illegally obtained audio recording into evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.23(a) (West 2005) (illegally obtained evidence is inadmissible in criminal proceedings). This issue has not been preserved for appellate review, as the recording was offered and admitted into evidence without objection. *See* Tex. R. App. P. 33.1 (complaint must be presented to trial court to preserve error for appellate review). Even if error had been preserved, however, the audio recording complained of here involved a telephone conversation between Mitchell and the victim in this case, recorded by law enforcement after the victim agreed to participate in a controlled call to assist the investigation. An intercepted oral communication does not violate state or federal law if one of the parties to the communication consents to the interception.[1] *See* 18 U.S.C. § 2511(2)(c) (2006); Tex. Penal Code Ann. § 16.02(c)(3)(A) (West Supp. 2010); Tex. Code Crim. Proc. Ann. art. 18.20, § 18 (West Supp. 2010). Because Mitchell's conversation with the victim was intercepted with the victim's consent, the recording was legally obtained and the trial court did not abuse its discretion in admitting it into evidence.

In his second issue, Mitchell contends that he received ineffective assistance of counsel. This contention is primarily based on Mitchell's claim that his attorney incorrectly

---

[1] While the record does not reflect whether the victim specifically consented to the call being recorded or just consented to law enforcement listening in on the call, "consent to listen in on a telephone call is consent to interception, and a tape recording of the conversation is admissible." *San Pedro v. State*, No. 03-06-00066-CR, 2007 Tex. App. LEXIS 1552, at *21-22 (Tex. App.—Austin Feb. 27, 2007, no pet.) (mem. op., not designated for publication).

informed him that if he pleaded guilty, the trial judge could consider deferred adjudication. Mitchell takes the position that this erroneous advice rendered his guilty plea involuntary. Mitchell's argument fails, however, because the advice given to him by counsel was correct. Aggravated assault with a deadly weapon is an article 42.12, section 3g offense. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (West Supp. 2010). As a result, the trial judge was prohibited from ordering regular community supervision, but could order deferred adjudication if Mitchell entered a plea of guilty or nolo contendere. *See id.* art. 42.12, §§ 3, 5(a). While the judge in this case ultimately chose not to order deferred adjudication, the fact remains that because Mitchell pleaded guilty, deferred adjudication was an available punishment option for the judge to consider. Thus, counsel did not erroneously advise Mitchell as to the availability of judge-ordered deferred adjudication.

Mitchell also contends that his counsel was ineffective in failing to object to the admission of the audio recording into evidence. As previously discussed, the audio recording was admissible and therefore counsel cannot be considered ineffective for failing to object. *See Muniz v. State*, 851 S.W.2d 238, 258 (Tex. Crim. App. 1993) (stating that failure to object to admissible evidence is not ineffective assistance of counsel).

Having reviewed the appellate record, we find nothing to overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Mitchell's claim of ineffective assistance of counsel is without arguable merit.

In a third issue, Mitchell argues that he was denied due process because the trial court failed to review the presentence investigation ("PSI") report or to inquire about a victim impact

3

statement. No PSI report or victim impact statement appears in the record, although the judgment of conviction indicates that a PSI report was prepared. The PSI report was also discussed at the punishment hearing, as the trial court stated, "I ordered a presentence report to be prepared. The report has now been completed. Do either of you have any objections to it?" Defense counsel responded that he had reviewed the PSI report and had no objections. The trial court then gave defense counsel time to go over the report with Mitchell, and shortly thereafter, defense counsel stated that Mitchell had no objections. While Mitchell briefly mentioned the contents of the PSI report during his testimony, it was not otherwise discussed on the record at the punishment hearing. It is therefore unclear from the record before us whether the trial court ever reviewed the PSI report. However, Mitchell never objected to the trial court's failure, if any, to review the report, nor did he object to the trial court's failure to inquire about any victim impact statement. As a result, these complaints have not been preserved for appellate review. *See* Tex. R. App. P. 33.1.

Even if error had been preserved, where the record does not affirmatively reflect that the trial court failed to review the PSI report, the presumption of regularity requires us to presume that the PSI was reviewed. *See Wright v. State*, 873 S.W.2d 77, 80 (Tex. App.—Dallas 1994, pet. ref'd) ("There is nothing in the record before us that refutes the presumption that the court . . . reviewed a PSI report."). As for Mitchell's argument that the trial court failed to inquire about a victim impact statement, the code of criminal procedure expressly states that failure to inquire about a victim impact statement "is not grounds for the defendant to set aside the conviction, sentence, or plea." Tex. Code Crim. Proc. Ann. art. 26.13(f) (West Supp. 2010). In light of the foregoing, Mitchell's due process complaint is without arguable merit.

4

Our review of the record has revealed no reversible error.  *See Garner*, 300 S.W.3d at 766; *Bledsoe*, 178 S.W.3d at 826-27.  The issues raised in Mitchell's pro se response have no arguable merit, for the reasons discussed above.  As a result, we agree with counsel that the appeal is frivolous.  Counsel's motion to withdraw is granted.

The judgment of conviction is affirmed.

_____

Diane M. Henson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:   December 8, 2010

Do Not Publish